15688

WRIGHT v. SOUTH CAROLINA POWER CO.
(31 S. E. (2d), 904)

*Mr. J. C. Long* and *Mr. Arthur Ryttenburg,* both of Charleston, S. C., Counsel for Appellant,

*Mr. G. L. B. Rivers,* of Charleston, S. C., Counsel for Respondent,

November 3, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

Appellant's intestate, who was fifty-two years of age, was killed by a city bus of respondent as she was attempting to cross Columbus, an express street of Charleston. The bus was east bound on its right side of the street and had passed thirty of forty feet beyond the intersection with Hampstead, a street running north and south. The preceding block of Columbus bisected a park or playground, known as Hampstead Mall, along which a municipal ordinance prescribed a speed limit of ten miles per hour. Because Columbus was an "express" street, the ordinary limit observed was twenty-five miles per hour, including intersections.

The deceased undertook to cross Columbus at an angle (toward the approaching bus), and not at the corner of Hampstead, but beyond, and the bus at about its front center struck her and threw her under a parked automobile at the curb to the right of the point of collision. This was from thirty to forty feet beyond Hampstead street and the width of the latter was about thirty feet, so the bus had traveled about sixty or seventy feet away from the ten mile speed area.

The complaint was upon numerous specifications of alleged negligence and willfulness, principally relating to the speed of the bus and the failure of the driver to maintain a proper lookout for pedestrians. In addition to a general de-

nial, contributory negligence and willfulness were pleaded by the respondent in its answer. Pursuant to the latter's motion the trial Judge directed a verdict in its favor upon the ground that the only reasonable inference to be drawn from the testimony was that the proximate cause of the accident was the sole negligence and recklessness of the intestate, quoting, "her sole failure to observe any care whatsoever." The plaintiff appealed and the respondent has submitted additional grounds to sustain the action of the lower Court, to the effect that plaintiff's intestate was guilty of contributory negligence, recklessness and willfulness.

There was no evidence that the bus was being operated at a speed in excess of the applicable limit at the time and place of the accident, but a witness for appellant testified that the ten-mile limit was exceeded by the bus when it passed along the playground in the block before. One of the questions presented is the alleged error on the part of the trial Court in declining to admit in evidence the speed ordinance applicable at that point. The only other question argued by appellant is that the testimony did not establish that the sole or contributory negligence or willfulness of the deceased was the proximate cause of her death.

Taking these questions in order, it does not appear that the speed of the bus and the ordinance regulating it in the block which had just been passed were relevant in view of the total lack of evidence of excessive speed at the scene of the accident. Even plaintiff's witness established it to be within the ordinance applicable there. On this point appellant relies upon the authority of *Crawford v. Simons Mayrant Co.*, 141 S. C., 333, 139 S. E., 788 (which involved the death of a five-year-old child), where it was testified that the speed of the offending vehicle exceeded the legal limit at the street intersection, forty feet beyond where the accident occurred. But there the ordinance was pleaded and received in evidence without objection and testimony of its violation was admitted, also apparently without objection,

as relevant upon the question of excessive speed at the time of the accident. Here, appellant does not now contend that there was excessive speed at that time, but that had the bus observed the ten-mile limit in the preceding block, which plaintiff's intestate had the legal right to anticipate, decedent would have had time to safely cross the street before the bus reached the point of the fatal collision. But this position is untenable because the speed of the bus when it was opposite the Mall, some distance from the point of the fatal impact, cannot reasonably be said to have been the proximate cause of the collision.

It might with equal irrelevancy be attempted to be shown that the bus exceeded the speed limit applicable two blocks before, or any number of blocks for that matter. "It is, of course, axiomatic that the violation of a statute (here an ordinance—interpolated), while negligence *per se,* will not support a recovery for damages unless such violation proximately caused or contributed to the injury complained of." *Locklear v. Southeastern Stages,* 193 S. C., 309, 8 S. E. (2d), 321, 324.

A similar rule which is also applicable is illustrated in *Bell v. Atlantic Coast Line R. Co.,* 202 S. C., 160, 24 S. E. (2d), 177. The quotation there from 38 Am. Jur., 834, is pertinent here, to the effect that for negligence *per se,* resulting from the violation of a statute or ordinance, to afford the foundation for the recovery of damages, the latter must have resulted from a hazard which was within the purpose and intent of the statute or ordinance to prevent. See, also, 5 Am. Jur., 598. It is quite apparent that the low limit of speed permitted along the Mall was intended to prevent injuries there to persons using the playground and adjacent street and that there is no causal connection between the alleged violation of the statute applicable at that point, and the injury to one in the next block where there

was unquestioned compliance with the immediately applicable speed regulation.

The only remaining element of alleged negligence in connection with the operation of the bus was the failure of the driver to see the deceased and do something to avoid the collision. He, an old and experienced employee of the company, died prior to the trial but his statement at the coroner's inquest was received in evidence by consent. It was to the effect that he drove slowly through the Mall, about ten miles an hour, and when he reached Hampstead Street he increased his speed to about twelve miles, and just as he got across that street there was other moving traffic and automobiles parked on both sides and that the decedent came running from behind a parked car beyond the corner on the north side, to within three or four feet of his bus, whereupon he applied the air brakes as quickly as possible but about the middle of the front bumper struck her, knocking her to the right where she fell or rolled under an automobile parked on the south side of the street.

The plaintiff produced testimony that there was no parked automobile from behind which his intestate ran or walked into the street, and that there was no obstruction which would prevent the bus driver from seeing her. By the same token there was no hindrance to her view of the bus, and, of course, its bulk, being about thirty feet long, was much easier for the pedestrian to see than it was for the driver to see this pedestrian. There were people at the north and south corners of the streets ready to cross, and evidence that some of them waited for the passage of the bus.

Under the circumstances stated we think that the only reasonable inference is that the driver was guilty of no negligence which could have been the proximate cause of this unfortunate fatality; but if he were, the conclusion is inescapable that the decedent was guilty of contributory negligence. In-

cidentally, counsel for appellant admitted upon trial that there was no evidence of recklessness or willfulness on the part of the bus driver, so contributory negligence of the decedent was a complete defense.

The evidence has been carefully studied with the rule in mind that it must be considered in the most favorable light to appellant for the purpose of determining the propriety of the direction of the verdict; but even so, we find no error on the part of the trial Judge.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.