15784

DRAG v. ELLIS *ET AL.*

(36 S. E. (2d), 73)

*Messrs. Hagood, Rivers & Young,* of Charleston, Counsel for Appellants,

*Messrs. J. C. Long, Arthur Rittenberg* and *George M. Pritchard,* all of Charleston, Counsel for Respondent,

December 3, 1945.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court.

Respondent recovered verdict and judgment for $750.00 actual damages against appellants for personal injuries received when he was struck by the automobile-defendant which was owned by one and operated by the other of its co-appellants. The accident occurred on Meeting Street in the city of Charleston a little south of its intersection with George Street. Respondent was enlisted in the army and on duty at the nearby Stark General Hospital as a ward attendant. He and two fellow-soldiers were enjoying a Saturday night leave, were walking north at about midnight on Meeting Street, across from the U. S. O. building which is located at the southwest corner of Meeting and George. At or near the intersection they determined to go to the latter building to spend the night. They walked diagonally across Meeting, aiming apparently at the center or entrance of the U. S. O.

Respondent testified that he first looked in both directions for approaching automobiles, or the lights of them, and saw

none; that he had almost reached the curb of the sidewalk adjacent to the U. S. O. building when he was struck by the oncoming car, which he did not see until it was practically upon him; and he further testified that the headlights of the latter were not burning. There was also other evidence from which the controversial lack of lights could have reasonably been inferred. Respondent suffered a broken leg and other injuries from the effect of which he has not fully recovered.

The appeal is upon the grounds that the only reasonable inference from the evidence was that respondent's negligence was the sole proximate cause or, granting not, he was guilty of contributory negligence which contributed to the injury as a proximate cause. Appellants made timely motions in the trial court for nonsuit, directed verdict and, after losing the latter, for judgment *non obstante veredicto,* all of which were refused. As was incumbent upon the trial judge in his consideration of the motions, this Court is bound to consider the evidence most favorably to respondent.

Besides the application of the relevant common law, the state statutes and the traffic ordinances of the city of Charleston require headlights upon a motor vehicle moving at night. Section 73 of the city ordinances, in evidence at the trial, contains the further following pertinent provisions:

Subdivision (a): "Every pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway."

Subdivision (b): "Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any

child or any confused or incapacitated person upon a roadway."

It is seen that there is no prohibition of jay-walking, that is, crossing a street between corners, and the requirement of the yielding of the right-of-way under such circumstances to vehicles is qualified immediately in the ordinance by the injunctions upon drivers which are contained in subdivision (b).

In view of the contents of the ordinances they appear to add little, if anything, to the ordinarily applicable common law.

In the light of these legal considerations and upon ■ consideration of all of the evidence in the case, which it is not necessary to further state, the propriety of the conclusions of the trial court upon the several motions is plainly apparent. The case was properly submitted to the jury for their determination of the conflicts in the testimony.

Appellants cite the case of *Wright v. South Carolina Power Company,* 205 S. C., 327, 31 S. E. (2d), 904, as authority for their view of the facts. But it is plainly distinguishable for it involved an accident to a pedestrian who was walking in daylight toward the approaching bus which struck her. Furthermore, that case turned principally upon the inapplicability of the speed ordinance which was effective in the block before that in which the collision occurred. Violation of the ordinance was the main alleged ground for recovery and it was held to be irrelevant to the controversy for it governed elsewhere, so violation of it was not the proximate cause of the injury.

The exceptions are overruled and the judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Taylor and Oxner concur.