## 18417

James C. CRENSHAW, Administrator of the Estate of Frank W.
Crenshaw, Respondent, v. HARLEYSVILLE MUTUAL
CASUALTY COMPANY, Appellant

(144 S. E. (2d) 810)

*Messrs. Leatherwood, Walker, Todd & Mann*, of Green-
ville, *for Appellant,*

550

*Messrs. Richard J. Foster* and *Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

November 3, 1965.

Brailsford, Justice.

Plaintiff's intestate died from injuries received while riding in a truck owned by one Charles E. Bishop and driven by one Roy Moore, who, also, was killed in the accident. Plaintiff recovered a judgment against Moore's administrator for the wrongful death of his intestate. He then brought this action against Bishop's liability insurance carrier, Harleysville Mutual Casualty Company, alleging that Moore's use of the truck was with the permission of the insured. Harleysville denied this essential allegation of the complaint and, after an adverse verdict, has appealed from the refusal of its motion for judgment notwithstanding the verdict. The issue turns upon the sufficiency of the evidence to sustain a finding that Moore's use of the truck on the occasion in question was with Bishop's permission, express or implied; hence, that Moore was an insured under the required omni-

bus or extended coverage provision of the policy. Sec. 46-750.11, Code of Laws 1962; Sec. 46-750.31, 1964 Cumulative Supplement.

It has been settled by two recent decisions that, with us, one who relies upon this clause of an automobile insurance policy has the burden of establishing that the particular use to which the vehicle was being put at the time of injury was with the permission of the named insured, express or implied. Permission to use a covered vehicle for a particular purpose does not imply permission to use it for all purposes. *Rakestraw v. Allstate Insurance Co.,* 238 S. C. 217, 119 S. E. (2d) 746; *Eagle Fire Company of New York v. Mullins,* 238 S. C. 272, 120 S. E. (2d) 1.

We need consider only the evidence offered by plaintiff, which is here summarized. In March, 1963, the vehicle in question, a 1952 panel truck, was being used by Bishop and one Sims in an exterminating business which they conducted in the City of Greenville. Equipment and supplies of considerable value were customarily stored in the body of the truck which could not be locked. Moore was first employed as truck driver and helper about March 14th. After he had been so engaged for one week, he was given permission to drive the truck to and from work, and he was instructed to take precautions against the theft of the exterminating equipment and supplies.

Moore first drove the truck to his place of residence after work on Thursday, March 21, 1963, and he drove it to and from work on Friday and Saturday. The fatal accident occurred after midnight of Saturday, March 23, in a mountainous section of the county, some twenty miles from the City of Greenville.

There was, admittedly, no competent evidence that Bishop expressly consented to the use of the truck for the trip on which Moore and plaintiff's intestate were engaged at the time of the accident, or that he had any knowledge of it until after the event. Plaintiff called Bishop and one Sams,

the proprietor of a restaurant adjacent to the premises of the exterminating business, as witnesses, and relied upon their testimony to sustain the burden of establishing implied consent.

Sams testified that at about 7:30 P. M. on March 21, 1963, the first evening on which Moore had been permitted to drive home after work, he saw Bishop's truck being driven on Wade Hampton Boulevard in the direction of Greer, but he could not identify the driver. He related this incident to Bishop on the next morning.

Bishop confirmed that, on Friday morning preceding the fatal accident, Sams told him of seeing the truck after hours on Wade Hampton Boulevard. He testified that he did not mention this conversation to Moore, because he had not had a chance to discuss the report with Sims, his associate, before Moore was killed. When asked on direct examination whether he had any objection to Moore's using the truck for his own purposes, Bishop stated that he had instructed him not to use it. He testified on cross examination that he had instructed Moore to drive the truck to and from work and nowhere else, and that he had not given him permission to drive it for personal use at any time. He further testified: "Well, *the instructions I gave him was* to be sure and put the truck close to the house, so he could hear and *not to take it to town or anywhere, you know, and leave it,* 'cause you could not lock the truck up." When again asked on re-direct examination whether he had any objection to Moore's using the truck if the equipment was protected, the witness testified: "If he had asked me then I don't know whether I would have said yes or not. It would depend on the use, you know, what he wanted to use the truck for on his own time. He didn't ask me, and I didn't ever give him permission, and he never asked for any. Q. The question never arose? A. That's right."

Permitted use of a motor vehicle, which will extend coverage of a liability policy under the omnibus clause, must originate in the language or the conduct

of the named insured or of someone having authority from him to extend such permission. *Rakestraw v. Allstate Insurance Company, supra,* 238 S. C. 217, 119 S. E. (2d) 746.

Implied consent, as the term suggests, rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises. The implication is one of fact based upon circumstantial evidence. Generally, in the case of employer and employee, there must be some conduct on the part of the employer sufficient to raise in the mind of the employee a reasonable belief that consent was intended. Annotation: 5 A. L. R. (2d) 600, 609; 7 Am. Jur. (2d), Automobile Insurance, Sec. 113, p. 426; 45 C. J. S., Insurance, § 829 c. (2) (b), p. 900. Consent to the use by an employee of his employer's automobile, outside the scope of his employment, will be implied only if there has been "a course of conduct or a practice with the knowledge and acquiescence of the owner, such as would indicate to a reasonable mind that the employee had the right to assume permission under the particular circumstances." *United States Fidelity & Guaranty Co. v. Brann,* 297 Ky. 381, 180 S. W. (2d) 102. Implied consent "involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." *Hinton v. Indemnity Insurance Company of North America,* 175 Va. 205, 8 S. E. (2d) 279.

The evidence here falls far short of establishing a course of conduct between the parties suggesting consent. Moore was a new employee who had been permitted to drive the truck home from work for the first time on Thursday preceding Saturday night's fatal accident. The only information which had come to Bishop suggesting a use of the truck after hours was the report made to him by Sams. His failure to admonish Moore or to demand an explanation had no tendency to suggest to Moore that his employer intended to permit him to use the truck for his own purposes, because Moore did not know that the use of it on

Thursday night had been reported to Bishop or become known to him in any way. It follows that the issue must be resolved upon the testimony of Bishop, who is not a party to the action and who was called as a witness in behalf of plaintiff.

The main tenor of Bishop's testimony, instead of aiding plaintiff, was clearly and emphatically to the contrary. His one equivocal response, upon which plaintiff relies and which has been italicized in our summary of the testimony, appears to have been given controlling weight by the trial judge. We agree that this response was equivocal and inconsistent with other portions of Bishop's testimony, thus tending to weaken the credibility of the witness. However, it cannot supply the deficiency in plaintiff's proof. We are satisfied that the only reasonable conclusion from the record is that plaintiff failed to sustain the burden of proving that the use of the truck was with the consent of the named insured.

Reversed and remanded for entry of judgment for the defendant.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.