18606

Ollis ROCHESTER, Appellant, v. NORTH GREENVILLE JUNIOR COLLEGE and Wayne E. Bussey, Respondents

(153 S. E. (2d) 121)

124

*Messrs. Charles W. Spence* and *Robert A. Clay,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Respondents,*

February 15, 1967.

LEWIS, Acting Chief Justice.

The plaintiff brought this action against the defendants North Greenville Junior College and Wayne E. Bussey to recover for loss of consortium and medical expenses of plaintiff's wife, resulting from injuries sustained by her in an automobile accident involving a car in which plaintiff's wife was a passenger in a station wagon owned by the defendant College, an eleemosynary institution. The station wagon was driven by the defendant Bussey, a student on College business at the time. The trial of the case resulted in a directed verdict in favor of the defendant College and a mistrial as to the defendant Bussey.

The plaintiff has perfected a delayed appeal from a pre-trial order of the Honorable Frank Eppes, Resident Circuit Judge, striking certain allegations from the complaint and has appealed from the order of Honorable Thomas B. Greneker, the Trial Judge, directing a verdict in favor of the defendant College. While other questions are raised by the exceptions and argued in the briefs, all were abandoned at the time of oral argument except those involving the issues arising out of the appeals from the foregoing rulings.

The accident, out of which this action arose, occurred in Greenville County on U. S. Highway No. 25 at about 5:20 p. m. on October 24, 1963, at an intersection of the said highway and Belvue Road. The automobile in which plaintiff was riding was proceeding north and the defendants' vehicle south on Highway 25. The collision occured while plaintiff's driver was attempting to make a left turn at the intersection into Belvue Road.

Among other specifications of alleged negligent conduct on the part of the defendant Bussey in the operation of the

station wagon, the complaint alleged that there was located on Highway 25, approximately 600 feet from each side of said intersection, double warning signs showing on the top sign "School Bus Crossing" and on the lower sign "35 M.P.H."; and that the vehicle of the defendant was operated in excess of such posted speed limit in violation of the laws of the State of South Carolina.

The Resident Circuit Judge, upon motion of the defendant, entered an order striking all of the allegations from the complaint relative to the "School Bus Crossing" and "35 M.P.H." highway signs, as irrelevant. Timely notice of appeal from the foregoing order was given but not perfected until after the trial of the case. The first question for decision concerns the correctness of the order striking these allegations from the complaint.

During the trial the plaintiff sought to prove that the foregoing signs were in place on the highway at the time of the collision, but the testimony was excluded by the trial judge upon the ground that the allegations relative to the signs had been eliminated from the case by the prior order of the Resident Judge. While plaintiff has also appealed from such ruling by the trial judge, we reach the question as to the relevancy of the highway signs to the issues in the case under plaintiff's appeal from the order striking the allegations thereabout from the complaint.

The Resident Judge held that the allegations concerning the signs were irrelevant since the plaintiff was not a passenger on a school bus, a school bus was not involved in the accident, and the accident occurred at a time when school busses would not ordinarily be using the highway. In other words, the order held that the signs in question were meant to protect school buses and the occupants therein and had no application to the public generally. The court then held applicable the principle of law followed in our cases of *Carma v. Swindler*, 228 S. C. 550, 91 S. E. (2d) 254, and *Wright v. South Carolina Power Co.*, 205 S. C. 327, 31 S. E. (2d) 904, to the effect that, in order to base liability on

the violation of a statute or highway warning sign, the plaintiff must establish that he was a member of the class for whose protection the statute was adopted or the sign erected.

Speed was a material issue in the case and the allegations as to the signs were for the purpose of establishing the speed limit in the area where the accident occurred. It is inferable that the sign was an official highway sign erected by the proper officials pursuant to authority granted under Section 46-367 *et seq.* of the 1962 Code of Laws. As such, obedience to its mandate was required. Section 46-304, 1962 Code of Laws.

The Resident Judge clearly misconstrued the meaning and application of the foregoing sign when he held that it was erected to protect only school buses and school children and did not apply except during hours when school buses would normally operate. There is nothing about the sign, as alleged, to so limit its application. It was a warning to the public that they were entering an area where the speed limit was 35 miles per hour and were approaching a school bus crossing. While the sign warned of a school bus crossing, it did not expressly or by implication limit the application of the 35 mile per hour speed limit to only those hours when school buses normally operate. If the sign was an official one, it fixed the speed limit in the area and applied to the public generally regardless of the time of day.

The cases of *Carma* and *Wright, supra,* relied upon by the lower court, are distinguishable from the present case, because here the parties fall within the class of persons for whose benefit the alleged speed limit signs were erected.

It appears that a highway patrolman in testifying as one of plaintiff's witnesses stated that the speed limit in the area was 55 miles per hour. The defendant argues that this testimony was binding on plaintiff and that he cannot now complain of the exclusion of testimony

relative to the posted speed limit of 35 miles per hour. Testimony as to the "35 M.P.H." sign had been ruled inadmissible prior to the testimony of the patrolman. His testimony therefore must be viewed in the light of the prior exclusion of testimony relative to the lower posted speed limit. If there was no posted speed limit, then the speed limit in the area was fixed by the applicable statutes at 55 miles per hour and not by the testimony of the patrolman. His testimony had no more binding effect on the plaintiff as to what the speed limit was in the area than it would have had on the trial court if the patrolman's testimony had been contrary to the speed limit fixed by law.

The allegations as to the signs in the area were relevant and the lower court was in error in striking them from the complaint. The order of the Resident Circuit Judge is accordingly reversed.

Finally, the plaintiff contends that the trial judge erred in directing a verdict in favor of the defendant North Greenville Junior College. The College is an eleemosynary institution and a verdict was directed in its favor upon the ground that, as such, it was exempt from tort liability. The plaintiff concedes that under the charitable immunity doctrine the defendant College would ordinarily be exempt from liability, *Decker v. Bishop of Charleston,* 247 S. C. 317, 147 S. E. (2d) 264; but contends that such exemption does not apply in this case because the College had in force a liability insurance policy which was procured under the provisions of the Safety Responsibility Act, Section 46-701 *et seq.,* 1962 Code of Laws as amended, relating to proof of financial responsibility by owners of motor vehicles. His argument is that the statutory requirements for proof of financial responsibility by the owners of motor vehicles applies to the ownership of such vehicles by eleemosynary institutions and, since the statute so applies, it constitutes a legislative modification of the charitable immunity doctrine with respect to the operation of motor vehicles.

The question which plaintiff seeks to raise is not properly before us for determination. There is nothing in the record to indicate that this question was presented to or passed upon by the trial judge, and is therefore not properly before us on appeal. The order of the trial judge directing a verdict in favor of the defendant North Greenville Junior College is accordingly affirmed.

Affirmed in part and reversed in part.

BRAILSFORD, J., and LIONEL K. LEGGE and G. BADGER BAKER, Acting Associate Justices, concur.

BUSSEY, J., did not participate.