18926

William A. COOPER, Appellant, v. FIREMEN'S FUND INSUR-
ANCE COMPANY and STATE Farm Mutual Automobile Insur-
ance Company, Respondents.

(167 S. E. (2d) 745)

*Messrs. Connor & Connor,* of Kingstree, *for Appellant,*

*Messrs. Wright, Scott, Blackwell, & Powers,* of Florence, *for Respondent, Firemen's Fund Insurance Company,*

*LaNue Floyd, Esq.,* of Kingstree, *for Respondent, State Farm Mutual Automobile Insurance Company.*

May 29, 1969.

Moss, Chief Justice.

Harry S. Anderson, on June 14, 1966, was operating a pickup truck owned by one O'Neal Tanner, and had a collision with William A. Cooper, the appellant herein, in which the said Cooper suffered personal injury and property damage. The appellant brought suit against Harry S. Anderson and recovered a judgment against him in the amount of $5,000.00.

This action was instituted by the said William A. Cooper against Firemen's Fund Insurance Company and State Farm Mutual Automobile Insurance Company, the respondents herein, to collect the amount of the judgment, with costs, in accordance with the terms of the policies of liability insurance issued by them.

Firemen's Fund Insurance Company, on the date of the collision, had in force and effect a policy of liability insurance in which O'Neal Tanner was the named insured, and it provided that the company would pay on behalf of the insured all sums which the insured became legally obligated to pay as damages because of bodily injury or destruction of property caused by accident and arising out of the ownership, maintenance or use of the automobile. The policy then defined an insured as follows:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

State Farm Mutual Automobile Insurance Company, on the date of the collision, had in force and effect a policy of liability insurance in which Harry S. Anderson was the named insured, and it provided that the company would pay on behalf of the insured all sums which the insured became legally obligated to pay as damages because of bodily injury or destruction of property caused by accident and arising out of the ownership, maintenance or use of the insured automobile. This policy extends coverage to the named insured's use of a non-owned automobile, "Provided such use, operation, occupancy or custody is with the permission of the owner or person in lawful possession of such automobile."

Firemen's filed an answer in which coverage was denied upon the ground that Harry S. Anderson was driving said truck without the insured's permission contrary to the terms of its policy. State Farm denied coverage upon the ground that their policy did not cover Harry S. Anderson when he was driving a non-owned automobile without the owner's permission.

This case came on for trial before The Honorable L. L. Lesesne, Judge of the Civil Court of Williamsburg County, and a jury. At the conclusion of the testimony the trial judge directed a verdict for the respondents on the ground that the appellant failed to establish permissive use, either implied or express, by Harry S. Anderson of the pickup truck owned by O'Neal Tanner. The appellant, by his exceptions, alleges the incorrectness of this ruling. The issue here is whether the evidence was sufficient to require submission to the jury as to whether Harry S. Anderson, on the date of the collision, was using the pickup truck belonging to O'Neal Tanner with his permission.

We have held that the permission which puts the omnibus or extended coverage clause of the policy of insurance into operation may be either express or implied, but whether the permission be expressly granted or impliedly conferred, it must originate in the language or the conduct of the named insured or someone having authority to bind him in that respect. *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 119 S. E. (2d) 746. In this same case we held that the burden of proving coverage under the omnibus clause of an automobile liability policy is on the person seeking coverage. If the facts involved do not warrant the existence of either express or implied permission, the driver or operator is not covered as an additional insured under the omnibus clause of the liability policy.

There is no evidence that Tanner expressly consented to the use of his truck by Anderson for the trip which resulted in injury and property damage to the appellant. However, the appellant does contend that Anderson had the implied

permission of Tanner to use the truck on the occasion in question.

Implied consent, as the term suggests, rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises. The implication is one of fact based upon circumstantial evidence. Implied consent involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent. *Crenshaw v. Harleysville Mut. Cas. Co.,* 246 S. C. 549, 144 S. E. (2d) 810. However, permission requires something more than mere sufferance or tolerance without taking steps to prevent the use of the automobile and permission cannot be implied from possession and use of the automobile without the knowledge of the named insured.

O'Neal Tanner, the owner of the pickup truck being driven by Harry S. Anderson at the time of the collision which resulted in personal injury and property damage to the appellant, was called by him as a witness. It appears from his testimony that he operated a grocery store located about one hundred yards from his residence. On the morning of June 14, 1966, Tanner stopped at another store for the purpose of picking up a package. Anderson was present at the time, and when Tanner announced that he was going to see another person Anderson stated that he would ride with him. Upon Tanner's return trip to his store, Anderson stated that he would go to the store with him and loaf a couple of hours and then stated "but how'll I get home?", to which Tanner replied, "I'll take you home. If I'm too busy to take you home I'll see that you get home. I'll let you drive the pickup if it is necessary." When they arrived at Tanner's place of business the pickup truck was parked between the home and the store and Tanner told Anderson to go on into the store and that he had to go into the house for a few minutes. At the time Tanner got out of the truck to go into his home, Anderson was getting out of the truck, and after

Tanner got into his home his wife inquired if he had given Anderson permission to drive the pickup truck, he having driven it away. Upon Tanner learning that Anderson had driven his pickup truck, without permission, he sent his son out in the family car to find Anderson and the truck. Later he went to a Magistrate for the purpose of obtaining a warrant against Anderson for using his truck without permission. Tanner emphatically denied that he ever gave Anderson permission to drive his pickup truck. He further stated that Anderson had never driven or ridden as a passenger in any motor vehicle owned by him. It further appears that Anderson was a mere acquaintance of Tanner's and visited his store about every three months.

We think that the appellant failed to establish that ■ Anderson had permission, either express or implied, to use the pickup truck belonging to Tanner. The only inference that could be drawn from the evidence is that Anderson had no permission to use the said truck. There is no evidence whatever of any prior course of conduct or relationship between Anderson and Tanner that would justify an inference of acquiescence or implied permission to use the said truck. Anderson said that he was going to the store with Tanner and loaf a couple of hours and there was nothing in what Tanner said about Anderson using the pickup truck, if he could not find another way home from the store, to give him implied permission to use it immediately. The use of the truck by Anderson at the time was without any permission of Tanner. It is our conclusion that the trial judge was correct in holding that the appellant failed to establish permissive use, either implied or express, by Anderson of the pickup truck owned by Tanner.

The appellant asserts that even though Anderson was ■ driving the automobile of Tanner without permission, such exclusion as is contained in the policy of liability insurance issued by State Farm Mutual Automobile Insurance Company, is void because of conflict with Section 46-750.31 of the South Carolina Code. This question, which

the appellant seeks to raise, is not properly before us for determination. There is nothing in the record to indicate that this question was presented to or passed upon by the trial judge and is, therefore, not properly before us for consideration on appeal. *Williamson v. South Carolina Elec. & Gas Co.*, 236 S. C. 101, 113 S. E. (2d) 345; *Stanley v. Reserve Insurance Company*, 238 S. C. 533, 121 S. E. (2d) 10; *Mayer v. Master Feed & Grain Co.*, 250 S. C. 275, 157 S. E. (2d) 413; *Rochester v. North Greenville Jr. College*, 249 S. C. 123, 153 S. E. (2d) 121.

The order of the trial judge directing a verdict in favor of the respondents is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.