19204

The BOSTON OLD COLONY INSURANCE COMPANY, Appellant,
v. C. B. PRENTISS & COMPANY *et al.*, Respondents

(180 S. E. (2d) 653)

*Coming B. Gibbs, Jr., Esq., Gibson, Gibbs & Krawcheck,* of Charleston, *for Appellant,*

*Messrs. Sinkler, Gibbs & Simons, for Respondent, C. B. Prentiss & Company.*

*Charles F. Bernstein, Esq., for Respondent, Cornelius J. Baker, Jr.*

*Samuel C. Craven, Esq., for Respondent, William David Elsesser.*

*J. W. Cabaniss, Esq.,* of Charleston, *for Respondent State Farm Mutual Insurance Company,*

April 14, 1971.

Bussey, Justice:

In this action the plaintiff-appellant seeks relief by way of a declaratory judgment. The defendants are C. B. Prentiss & Company, the named insured in a policy issued by plaintiff; Cornelius J. Baker, Jr., the driver of a vehicle owned by Prentiss; William David Elsesser, who was injured when struck by said vehicle, and State Farm Mutual Insurance Company, which affords uninsured motorist coverage in the event no coverage is afforded by plaintiff.

C. B. Prentiss & Company is a family corporation located in Charleston, where it is engaged in the sale and installation of carpets, draperies, etc. It maintains four trucks which are used in connection with this work. In December 1968, C. B. Prentiss, III, who is president and, apparently, general manager of C. B. Prentiss & Company, employed his nephew by marriage, Cornelius J. Baker, Jr., then fifteen years old, in another family owned business. Some time in the spring of 1969, Baker was placed on the payroll of C. B. Prentiss & Company. On July 7, 1969, Baker received his South Carolina Driver's license and was promptly furnished a 1959 Ford panel truck to use in connection with the installation of draperies and carpeting. Said truck was insured by the plaintiff. Baker had the exclusive use of this truck during working hours and, with express permission of the named insured, drove it back and forth to work, keeping the same at his home in the Sgt. Jasper Apartments at night and on weekends.

On the night of July 18, 1969, Baker, after supper, took his sister and a friend to a roller skating rink in the North Charleston area, driving the Prentiss truck. When Baker was leaving, he backed the truck into young Elsesser who was injured and who has brought an action for the injuries sustained. The plaintiff contends that Baker's use of the truck at the time of the aforesaid accident was without the permission of the named insured, either express or implied,

and that accordingly its policy afforded Baker no coverage. The case was heard before the Honorable William L. Rhodes, Jr. while presiding in Charleston in April, 1970. He found as a fact that Baker did not have express permission but that his use of the truck was with the implied permission of the named insured, and entered judgment accordingly. The plaintiff appeals, raising two questions for consideration.

It is first contended that there was no competent evidence from which the trial judge could have concluded that the vehicle was being used at the time with the implied permission of the named insured. We quote the following from the agreed statement of the case.

"There was testimony from which the Court could have inferred that the named insured knew that Baker was using the vehicle on at least a few occasions without the scope of his permission."

The depositions of Mr. Prentiss, president of the company, young Baker and Baker's mother were taken in January, 1970, and introduced into evidence, without objection, on the trial. Baker and Prentiss both testified at the trial. As found by the trial judge, there are conflicts between the testimony of Mr. Prentiss in his deposition and that at the time of the trial, and there were lapses of memory on his part difficult to explain. It was also noted by the trial judge that the evidence as to the use of the truck by Baker, after working hours, and as to the knowledge of Mr. Prentiss thereabout was confused.

Baker's grandmother, Mrs. Ortmann (the mother-in-law of Mr. Prentiss), also lived at the Sgt. Jasper Apartments and worked at the Medical College Hospital where she usually went to work at about 11 P. M. Baker, five or six times prior to the accident, had used the truck to take his grandmother to work at night, and there is abundant evidence to the effect that Mr. Prentiss knew and acquiesced in such use of the truck. In addition, there is evidence to

the effect that Baker, prior to the accident, had driven the truck to Folly Beach on the weekend, taking a group of young people for a swim, and that he had used it on some two or three occasions at night for his purely personal pleasure. The evidence is susceptible of more than one reasonable inference as to Mr. Prentiss' knowledge thereabout.

Further review of the evidence would, we think serve no useful purpose. In his decree Judge Rhodes reviewed such and, in determining that there was implied permission to operate the vehicle, gave consideration to the age and experience of Baker, the family relationship, and the general course of conduct by the parties leading up to the accident. When all of the circumstances reflected by the evidence are considered, we conclude that the lower court's finding of implied permission is amply supported by competent evidence.

Plaintiff-appellant strongly relies on certain language in the opinion of *Crenshaw v. Harleysville Mutual Casualty Co.,* 246 S. C. 549, 144 S. E. (2d) 810, where it was stated,

"Generally, in the case of employer and employee, there must be some conduct on the part of the employer sufficient to raise in the mind of the employee a reasonable belief that consent was intended."

Based on the foregoing, it is argued that there was no implied consent in this case in the absence of Baker having actually had a reasonable belief at the time that consent to his use was intended. He testified that he had no permission and knew at the time that he had none, and appellant, in effect, argues that what was in Baker's mind, as reflected by his testimony, is conclusive of the issue. We cannot agree.

The issue of whether or not there was implied consent in a given case cannot safely be allowed to rest solely upon the testimony of the employee-driver as to what was in his mind at the time, ignoring all other evidence in the case. The test, rather is, whether or not under all of the circumstances disclosed by the evidence the employee reasonably had the right

to assume consent or permission. We quote further from the decision in *Crenshaw v. Harleysville Mutual Casualty Co., supra,*

"Consent to the use by an employee of his employer's automobile, outside the scope of his employment, will be implied only if there has been 'a course of conduct or a practice with the knowledge and acquiescence of the owner, such as would indicate to a reasonable mind that the employee had the right to assume permission under the particular circumstances.' *United States Fidelity and Guaranty Co. v. Brann,* 297 Ky. 381, 180 S. W. (2d) 102."

Pursuant to sections 46-722 and 46-723 of the Code, Baker received a notice from the Highway Department to the effect that his driver's license would be suspended in the absence of his being able to comply with the said Code sections either by showing that he had liability insurance or by posting security. Baker took the form to his uncle, Mr. Prentiss, who admittedly completed and forwarded the form certifying to the Highway Department that Baker was insured at the time of the accident, and Baker's license was thereby saved, enabling Baker to continue working and driving the truck. The foregoing was brought out in the course of cross examination of Prentiss, without objection. Later, during the course of cross-examination of Baker, a similar line of testimony was objected to and it is now contended that the judge erred in admitting into evidence and giving weight to the fact of the foregoing certification by Mr. Prentiss.

We see no error in the admission and consideration of the foregoing evidence, even had objection been timely made. The evidence was clearly relevant and admissible. It reasonably gives rise to the inference that Prentiss himself, shortly after the accident, certified to the Highway Department that Baker did, in fact, have permission to drive the truck at the time of the accident. It follows that the evidence was admissible to impeach testimony by both Prentiss and

Baker to the effect that Baker had no permission, either express or implied.

We conclude that the exceptions are without merit and the judgment of the lower court is accordingly

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.