21663

Brenda Jean Glenn WALTON, Guardian ad Litem for Howard Keith Glenn, Appellant, v. Jimmie Lewis STEWART, Respondent.

(289 S. E. (2d) 403)

*Wyatt Saunders*, Laurens, *for appellant.*

*James W. Hudgens*, of *Ward, Howell, Barnes, Long, Hudgens & Adams*, Spartanburg, *for respondent.*

March 8, 1982.

LEWIS, Chief Justice:

This is a tort action for damages by a ten year old illegitimate minor against his father, based upon the latter's alleged negligence. The incident out of which this cause of action is asserted occurred on August 12, 1978, at a time when the rule was recognized in this State that an unemancipated child has no right of action against his parent for personal injuries caused by the parent's negligence. *Kelly v. Kelly,* 158 S. C. 517, 155 S. E. 888; *Parker v. Parker,* 230 S. C. 28, 94 S. E. (2d) 12; *Maxey v. Sauls,* 242 S. C. 247, 130 S. E (2d) 570; *Fowler v. Fowler,* 242 S. C. 252, 130 S. E. (2d) 568; *Gunn v. Rollings,* 250 S. C. 302, 157 S. E. (2d) 590; *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123.

The trial judge held that this rule of law barred the present action and granted summary judgment in favor of the respondent father. The guardian ad litem for the minor has appealed. The facts are not in dispute.

The ten year old appellant is the illegitimate son of respondent. Subsequent to the birth of appellant, his mother married her present husband. They have three children, not including appellant. Appellant normally lives with his mother and is known by his mother's maiden name.

Also, subsequent to the birth of appellant, his natural father, the respondent, married his present wife and they have seven children. Appellant spent very little, if any, time with his father until about two years before the present incident occurred. However, during August of 1978, and in the previous year, appellant stayed one week or more in his father's home. During that period of time he stayed with his father's family, receiving room, board, and some clothes. It was during this last visit that the accident occurred, in which appellant lost his left heel in the operation of a lawn mower.

The relationship between appellant and respondent, of father and son, was recognized by all parties. While the respondent did not support appellant, except during the periodic visits to his home, the mother testified that "if I ask

him [respondent] for something he [respondent] will give it to him [appellant]."

The father has a legal obligation to support his illegitimate child, which can be enforced through either civil or criminal process. *McGlohon v. Harlan,* 254 S. C. 207, 174 S. E. (2d) 753. There is nothing in this record to indicate that respondent father has been, or attempted to be, relieved of this obligation to support the appellant, his child, who is too young to support himself.

While the question of whether a child is emancipated is generally a question of fact for the jury, we agree with the trial judge that there is no evidence of *complete emancipation* so as to remove respondent's immunity from suit. Partial emancipation will not suffice. *Parker v. Parker, supra.*

After the occurrence of the facts giving rise to this litigation, we abolished the parental immunity doctrine, *Elam v. Elam,* 275 S. C. 132, 268 S. E. (2d) 109 (1980); however, the abrogation of this doctrine applies prospectively only, *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123, *supra; Brown v. Anderson County Hospital Association,* 268 S. C. 479, 234 S. E. (2d) 873. The parental immunity doctrine, therefore, was applicable at the time of the occurrence of the present event and bars the maintenance of the present action.

Judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.