0343

William Phillip BROOKS, Administrator of the Estate of Monica Dawn
Brooks, Appellant, v. A. O. WINECOFF and Janyce W. Roy, Admin-
istrators of the Estate of Mary Synthia Winecoff, Respondents.

(324 S. E. (2d) 339)

Court of Appeals

*J. Leeds Barroll, IV,* Columbia, *for appellant.*

*Edmund H. Monteith,* Columbia, *for respondents.*

Heard Oct. 22, 1984.

Decided Dec. 19, 1984.

GOOLSBY, Judge:

The issue in these consolidated survival and wrongful
death actions brought by the appellant Phillip Brooks, the
administrator of the estate of his daughter, Monica Dawn
Brooks, against the respondents A. O. Winecoff and Janyce
W. Roy, the administrators of the estate of Monica's mother,
Mary Synthia Winecoff, is whether the doctrine of parental
immunity existed so as to bar suit by the daughter's estate
against the mother's estate for damages resulting from an
automobile accident. Brooks instituted these actions on
November 1, 1981. Summary judgment was entered for the

mother's estate. The daughter's estate appeals. We affirm.

Monica was killed on February 9, 1980, when the automobile in which she was riding and which was being driven by her mother collided with another automobile. The mother was also killed. Monica was nine years old at the time.

On July 2, 1980, in *Elam v. Elam*, 275 S. C. 132, 268 S. E. (2d) 109 (1980), the Supreme Court declared unconstitutional on equal protection grounds Section 15-5-210 of the South Carolina Code of Laws (1976), a statute that effected a partial abrogation of the parental immunity doctrine by providing that "[a]n unemancipated child may sue . . . his parents in an action for personal injuries arising out of a motor vehicle accident." The Court found "no valid reason to treat unemancipated minors injured in automobile accidents differently from their peers tortiously injured in other ways." 275 S. C. at 134, 268 S. E. 109. The Supreme Court in *Elam* also abolished the court-created common law doctrine of parental immunity.

Nearly two years later, in *Walton v. Stewart*, 277 S. C. 436, 289 S. E. (2d) 403 (1982), the Supreme Court held that its abrogation of the parental immunity doctrine applied prospectively only and that the doctrine therefore barred the maintenance of an action based on an event occurring before the Court abolished the doctrine.

The daughter's estate maintains that *Walton* does not bar the instant action because Section 15-5-210 was in existence at the time the daughter received her fatal injuries in an automobile crash. The argument, however, has no merit.

Before Brooks brought these actions, the Supreme Court, as we mentioned, held in *Elam* that Section 15-5-210 was unconstitutional. On the date these actions were begun, November 1, 1981, the statute, therefore, no longer precluded a parent from asserting the doctrine of parental immunity as a defense to an action brought by his or her unemancipated child for personal injuries received by the child in a motor vehicle accident.

Moreover, because *Walton*, as we also mentioned, held that the abrogation of the doctrine of parental immunity applied prospectively only and that the doctrine could be interposed as a defense to a tort action brought by an unemancipated child based on an event occurring before the doctrine's abro-

gation on July 2, 1980, the doctrine in this instance clearly afforded the mother's estate a complete defense to the tort actions brought by the daughter's estate since they were based on an event that happened on February 9, 1980.

The trial court, therefore, correctly granted the mother's estate summary judgment.

Affirmed.

SHAW and CURETON, JJ., concur.