0522

Frank TIMMS, as Administrator of the Estate of Brian Lee Timms, Respondent, v. Janice Loraine TIMMS, Appellant.

(333 S. E. (2d) 74)

Court of Appeals

---

*Robert J. Thomas,* Columbia, *for appellant.*

*John K. Koon* and *Thomas K. Fowler, Jr.,* Columbia, *for respondent.*

Heard May 23, 1985.

Decided July 9, 1985.

CURETON, Judge:

The respondent father commenced this action against the appellant mother for the wrongful death of the parties' unemancipated fourteen-year-old son. The mother appeals from a jury verdict against her in the amount of $100,000 and asserts that the action is barred by the doctrine of parental immunity. We agree and reverse.

On July 29, 1978, appellant Janice Loraine Timms, her husband Frank Timms and their fourteen-year-old son Brian were traveling in their automobile when Mrs. Timms lost control of the automobile. A collision resulted and Brian was killed.

Mr. Timms was appointed administrator of Brian's estate, and as administrator, filed this wrongful death action on February 26, 1981. Mrs. Timms answered claiming immunity from suit. At appropriate stages in the trial, Mrs. Timms moved for nonsuit, directed verdict and judgment *n.o.v.* based on the defense of parental immunity. These motions were denied on the ground that at the time of the collision, the doctrine of parental immunity had been abolished in automobile accident cases. The jury returned a verdict for the estate and Mrs. Timms appeals.

In 1962, the South Carolina Legislature passed a statute now codified as S. C. Code Ann. Section 15-5-210 (1976) which partially abrogated the doctrine of parental immunity in personal injury cases arising out of motor vehicle accidents. On July 2, 1980, the South Carolina Supreme Court in *Elam v. Elam,* 275 S. C. 132, 268 S. E. (2d) 109 (1980), declared unconstitutional on equal protection grounds both Code Section 15-5-210 and the common law doctrine of parental immunity. Almost two years later, in *Walton v. Stewart,* 277 S. C. 436, 289 S. E. (2d) 403 (1982), the Supreme Court held that its abrogation of the doctrine of parental immunity applied prospectively only and that the doctrine barred the maintenance of a suit based on an event occurring before the effective date of abolition.

Mrs. Timms argues in her brief that she is entitled to the defense of parental immunity because the doctrine had not been effectively abolished at the time the cause of action arose. Subsequent to the filing of her brief, this Court decided the case of *Brooks v. Winecoff,* _____ S. C. _____ , 324 S. E. (2d) 339 (Ct. App. 1984). In *Brooks,* we held that the doctrine of parental immunity provided the parent immunity from suit because the event there complained of occurred on February 9, 1980, before the South Carolina Supreme Court abolished the common law doctrine.

During oral argument the respondent conceded that *Elam v. Elam, Walton v. Stewart* and *Brooks v. Winecoff* are dispositive of the issues briefed on appeal, but argued that this Court should permit the maintenance of this suit where, as here, insurance is available to satisfy any money damages recoverable against the mother. Mr. Timms cites the South Carolina Supreme Court case of *McCall v. Batson,* _____ S. C. _____ , 329 S. E. (2d) 741 (1985), as support for this proposition.

We refuse to carve out an exception that would permit a suit against an insured tortfeasor for several reasons. First, the insurance exception was raised for the first time before this Court in oral argument. Where a point has not been decided by the lower court, we will not consider the point on appeal. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980); *Mackey v. Kerr-McGee Chemical Co.,* 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984). Secondly,

there is no way this Court may verify insurance coverage without going outside the record in this case. We are confined to the record in deciding issues on appeal. *Masters v. Rodgers Development Group*, 283 S. C. 251, 321 S. E. (2d) 194 (Ct. App. 1984). Finally, we think that if an exception is to be made in insurance cases only, the Supreme Court should make such exception. The Court in *Walton v. Stewart, supra,* could have provided for the maintenance of suits against insured tortfeasors only where the event occurred before July 2, 1980, but it did not. We decline to also.

Accordingly, the order of the trial court is

Reversed.

SHAW and BELL, JJ., concur.