### 1335

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant v. ALLSTATE INSURANCE COMPANY, Wayne Bellamy, Luther P. Livingston, Michael Ward, Kenneth Adams and Ashley Anderson, Defendants, of whom Allstate Insurance Company is Respondent.

(379 S. E. (2d) 739)

Court of Appeals

*Hudson & Sweeny,* Conway, *for appellant.*

*Wheless & McInnis,* North Myrtle Beach, *for respondent.*

Heard march 17, 1989.

Decided May 1, 1989.

GARDNER, Judge:

State Automobile Mutual Insurance Company (State) brought this declaratory judgment action against Allstate Insurance Company (Allstate), et al., to determine whether Wayne Bellamy (Bellamy) had implied permission from his employer, Ashley Anderson (Anderson), to drive his truck when he collided with an automobile owned by Luther Livingston. State insured Anderson. State contended that Bellamy had no permission to drive Anderson's vehicle on the occasion of the accident in question and thus, Bellamy was not insured under the omnibus clause of Anderson's liability policy with State. The case was referred; the parties consented to direct appeal. The Special Referee found that Bellamy had implied permission from Anderson. We reverse and remand.

### FACTS

Anderson is an Horry County farmer; Bellamy had worked as a farm hand for Anderson for the six years prior to the accident of this case. Bellamy and his family lived in a house on Anderson's farm.

Anderson, as part of his farm equipment used in his farming operation, owned a 1965 Chevrolet pick-up truck which Bellamy was driving at the time of the accident of this case. Bellamy, in furtherance of his work on Anderson's farm, drove the truck around the farm; this included driving the truck directly across a public highway which divided Anderson's farm. Anderson, however, expressly instructed Bellamy that he was not permitted to drive the truck on the public highways. Anderson did permit Bellamy's daughters to drive the truck to get groceries. The truck was often left in a field near the home in which Bellamy lived and from which he worked; ordinarily the keys were left in the truck.

Four or five times during the six or more years Bellamy worked for Anderson, while he was drinking, he had driven the truck to a store located on a public road a short distance from the Anderson farm. The record reflects that each time Anderson learned that Bellamy had driven the car on the public roads, he would take the keys from the truck for a short while, usually over the weekends, and each time verbally reprimanded Bellamy. About this Anderson testified thusly:

> Q. When you found out that he had driven your truck or your car to the store on the weekends, would you have a discussion with him about it?
> A. Yes, sir.
> Q. And, what would that discussion be?
> A. Well, I'd tell him that 'You know, if you can't leave it alone now, I'm going to have to just keep it at my house, keep the key out of it.'

The findings of fact of the appealed order are consistent with the above recitations of fact with the one exception in which the appealed order held:

> There was never any specific protest by Ashley Anderson as to Wayne Bellamy driving his vehicle on the highway while intoxicated on the weekends, and no attempt by Ashley to rectify this situation other than the temporary removal of the keys.

## ISSUE

The sole issue on appeal is whether the Special Referee erred in holding that Bellamy had implied permission from Anderson to operate the vehicle when the accident occurred. This issue involves these two aspects: (a) is there a finding of fact not supported by any evidence and (b) did the trial judge, as a matter of law, err in finding that Bellamy had implied permission from Anderson to operate the truck?

## DISCUSSION

### a.

Since this is a law case, the scope of review of factual matters on appeal is limited to whether there is any evidence which reasonably supports the findings of fact by the trial judge. With this rule in mind, we have carefully examined the transcript of record before us and find that there is no evdience to support the finding of fact that Anderson never made a specific protest to Bellamy about his driving the vehicle on the public highway; to the contrary, the testimony of record is clearly to the effect that Anderson severely reprimanded Bellamy the few times when he drove the truck on the highway. We accordingly find the appealed order erroneous with respect to its findings of fact about this aspect of the record.

### b.

Whether, under the circumstances of this case, Bellamy had permission to drive Anderson's truck is governed by several well-established principles of law.

First, the burden of proving coverage under the omnibus clause of an automobile liability policy is on the person seeking coverage. *Cooper v. Firemen's Fund Insurance Co.,* 252 S. C. 629, 167 S. E. (2d) 745 (1969).

Second, permission to use a covered vehicle for a particular purpose does not imply permission to use it for all purposes. *Crenshaw v. Harleysville Mutual Casualty Co.,* 246 S. C. 549, 144 S. E. (2d) 810 (1965).

Third, implied permission requires something more than mere sufferance or tolerance without taking steps to prevent the use of the automobile; permission cannot be implied from possession and use of the truck without the knowledge of the named insured, in this case, Anderson. *Cooper v. Firemen's Fund Insurance Co., supra.*

Additionally, *Crenshaw* contains the following general principles of law.

Permitted use of a motor vehicle, which will extend coverage of a liability policy under the omnibus clause, must originate in the language or the conduct of the named insured or of someone having authority from him to extend such permission. *Rakestraw v. Allstate Insurance Company, supra,* 238 S. C. 217, 119 S. E. (2d) 746.

Implied consent, as the term suggests, rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises. The implication is one of fact based upon circumstantial evidence. Generally, in the case of employer and employee, there must be some conduct on the part of the employer sufficient to raise in the mind of the employee a reasonable belief that consent was intended. Annotation: 5 A. L. R. (2d) 600, 609; 7 Am. Jur. (2d), Automobile Insurance, Sec. 113, P. 426; 45 C. J. S. Insurance Section 829 C. (2)(b), p. 900. Consent to the use by an employee of his employer's automobile, outside the scope of his employment, will be implied only if there has been "a course of conduct or a practice with the knowledge and acquiescence of the owner, such as would indicate to a reasonable mind that the employee had the right to assume permission under the particular circumstances."

*United States Fidelity & Guaranty Co. v. Brann,* 297 Ky. 381, 180 S. W. (2d) 102. Implied consent "involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." *Hinton v. Indemnity Insurance Company of North America,* 175 Va. 205, 8 S. E. (2d) 279.

246 S. C. 553-554, 144 S. E. (2d) at 812-813.

Applying the above principles of law to the facts of this case, we hold that there is nothing of record before us which creates an inference that Anderson's conduct caused Bellamy to believe that Anderson consented to the use of his truck on the public highways on any day including the day the accident occurred; nor is there any evidence of record that Bellamy so believed. Nothing of record shows Anderson's verbal consent or acquiescence to the extent that a

reasonable mind could believe that Bellamy had the right to use the truck. It is to be remembered that mere sufferance or tolerance is insufficient. And it is also to be remembered that each time Bellamy disobeyed Anderson by driving the truck on the public highways, Anderson severely reprimanded Bellamy. Considering the rules of law by which we are bound, we conclude and hold that there is nothing of record before us to support the conclusion that Bellamy had implied permission from Anderson to drive the truck on the day of the accident. The appealed order was therefore erroneous in so finding. And we so hold.

## CONCLUSION

We conclude as a matter of law that, under the facts and circumstances of this case, Allstate failed to establish that Bellamy had implied permission to drive Anderson's truck on the day of the accident. The appealed order is accordingly reversed and the case is remanded with instructions to enter judgment in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.