THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 Ex Parte:
 
 Shawnee Holdings, LLC, Appellant,
 In Re: MidFirst Bank, Respondent,
 
 
 

v.

 
 
 
 Ricky Ray Truitt a/k/a Ricky Truitt and Jackie Lee Truitt f/k/a Jackie Runyon, Respondents.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No.  2007-UP-501
 Submitted October 1, 2007  Filed October
 29, 2007

AFFIRMED IN PART AND REMANDED

 
 
 
 Randall L. Hartman, of North Myrtle Beach, for Appellant.
 John J. Hearn, Reginald P. Corley, and Robert J. Thomas, all of
 Columbia and William Young, of North Myrtle Beach, for Respondents.
 
 
 

PER CURIAM:  Shawnee Holdings, LLC (Shawnee), a third-party purchaser,
 appeals the master-in-equitys order setting aside a foreclosure sale and asks
 this Court to set aside a subsequent foreclosure sale.  We affirm in part and
 remand.
FACTS
Ricky Ray Truitt
 and Jackie Lee Truitt (Truitts) obtained a mortgage on property in Little
 River, South Carolina, from Mortgage Electronic Registration Systems (Mortgage
 Electronic).  Eventually, the Truitts stopped making payments on the mortgage. 
 Mortgage Electronic foreclosed on the subject property, and a foreclosure sale
 was held in Horry County on June 5, 2006.[1]  Mortgage Electronic gave bidding instructions to its attorney regarding the
 maximum bid Mortgage Electronic would make on the property.  Mortgage
 Electronic authorized a bid not to exceed $120,505.32.  Mortgage Electronics
 attorney forwarded the bidding instructions to Mary Alice Hendrick (Hendrick),
 who has been responsible for handling the bidding in judicial sales at the Horry County courthouse for twenty to twenty-five years.  However, when the bidding began,
 Hendrick stopped bidding at $85,000.  As a result, Shawnee purchased the
 subject property for $85,000.  
Mortgage Electronic made a motion to set aside the
 foreclosure sale on the basis of bidder mistake.  At the hearing on the motion,
 Hendrick testified to the circumstances surrounding the sale and to the fact
 that she has handled the bidding for the Horry County courthouse for twenty to
 twenty-five years.[2] 
 Hendrick testified she had no clue as to what happened the day of the sale and
 described her failure to continue bidding as a total mistake.    
The master entered an order setting aside the June 5,
 2006 foreclosure sale pursuant to Rule 60(a), SCRCP, on the basis of bidder
 mistake.  The property was then resold at a subsequent foreclosure sale on
 August 7, 2006.  Shawnee made a motion to have the subsequent sale set aside.[3] 
 The master did not rule on this motion.  This appeal followed.  
STANDARD OF REVIEW
A mortgage foreclosure is an action in equity.  Our
 scope of review of a case heard by a master who enters a final judgment is to
 determine facts in accordance with our own view of the preponderance of the
 evidence.  E. Sav. Bank, FSB v. Sanders, 373 S.C. 349, 354, 644 S.E.2d
 802, 805 (Ct. App. 2007).  However, the determination of whether a judicial
 sale should be set aside is a matter left to the sound discretion of the trial
 court.  Id.  The review of a judicial sale is equitable in nature and
 within the discretion of the trial court.  Id. 
LAW/ANALYSIS
I.  Setting Aside the
 Second Sale
Shawnee argues the
 second foreclosure sale should be set aside because the thirty-day appeal
 period stemming from the first foreclosure sale had not expired prior to the
 second sale.  
This Court follows
 the well-settled rule that unless a question has been presented to the court
 below for consideration, we will not consider the question on appeal.  Williamson
 v. S.C. Elec. & Gas Co., 236 S.C. 101, 107, 113 S.E.2d 345, 348
 (1960).  An appellate court exists for the correction of errors committed in a
 lower court, and if such court has not had the opportunity to decide the
 question presented, there is no error for the appellate court to correct.  Id.  There must be some evidence in the record that the question was presented to or
 passed upon by the court below for this Court to address that question.  Cooper
 v. Firemens Fund Ins. Co., 252 S.C. 629, 634-35, 167 S.E.2d 745, 748
 (1969).  
Shawnee filed a
 motion to set aside the second foreclosure sale but never gave the master an
 opportunity to rule upon the motion before filing and serving the present
 appeal to set aside both foreclosure sales.[4] 
 Shawnee filed the motion to set aside the second sale on the same day the
 notice of appeal was filed.  In order to appeal the second sale, the motion
 must have been raised to and ruled upon by the master.  Shawnee failed to seek
 a ruling from the master regarding the second foreclosure sale; accordingly,
 the issue of setting aside that sale is not ripe for our review.  We remand the
 issue to the master to determine whether Shawnee is entitled to have the second
foreclosure sale set aside.     
II.      Order Setting
 Aside First Sale
Shawnee contends the
 master erred in setting aside the first foreclosure sale based on bidder
 mistake.  We disagree. 
South
 Carolina Rules of Civil Procedure empower the court to correct clerical errors
 and mistakes in judgments and orders.  Rule 60(a), SCRCP.  Rule 60(a) provides
 in pertinent part: Clerical mistakes in judgments, orders or other parts of
 the record and errors therein arising from oversight or omission may be
 corrected by the court at any time of its own initiative or on the motion of
 any party and after such notice, if any, as the court orders.  By definition,
 a clerical error is a mistake in writing or copying, and [a]s applied to
 judgments and decrees, it is a mistake or omission by a clerk, counsel, judge
 or printer which is not the result of exercise of judicial function.  Dion
 v. Ravenel, Eiserhardt Assoc., 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct.
 App. 1994).  Rule 60(a) has been found to be an appropriate mechanism for
 setting aside a judicial sale where a court employee commits a clerical error.  See Goethe v. Cleland, 323 S.C. 50, 53, 448 S.E.2d 574, 575 (Ct.
 App. 1994) (finding the clerk of courts typographical error concerning the
 time period in which bidding would remain open was a clerical error).   
Under the facts of
 this case, we find the error made in the bidding process to be clerical in
 nature.  Rule 60(a), therefore, provided the master with discretion to correct
 the mistake and set aside the foreclosure sale.  Shawnee argues Hendrick was
 actually an agent for Mortgage Electric, and the master did not have discretion
 to correct the agents mistake.    
When deciding
 issues on appeal, this Court is confined to the record.  Timms v. Timms,
 286 S.C. 291, 294, 333 S.E.2d 74, 75 (Ct. App. 1985).  To find an agency
 relationship, the record must provide at least some evidence to support that
 finding.  See Young v. S.C. Dept of Disabilities & Special Needs,
 374 S.C. 360, ___, 649 S.E.2d 488, 492 (2007) (finding the record was devoid of
 any evidence to support a conclusion of an apparent agency relationship).     
In the present case, the record is devoid of any
 evidence establishing an agency relationship between Hendrick and Mortgage
 Electronic.  The only evidence in the record indicates Hendrick has handled the
 bidding in the Horry County courthouse for twenty to twenty-five years. 
 Although Shawnee argues Hendrick was actually an agent for Mortgage Electronic
 at the time she was handling the bidding in the foreclosure sale, Shawnee failed to present any evidence to support this argument.  Without evidence of
 Hendricks relationship to Mortgage Electronic, we cannot find that there was
 an agency relationship between the two.    
CONCLUSION
Based on the
 foregoing, the order of the master is
AFFIRMED IN PART AND
 REMANDED.[5]
STILWELL, SHORT, and
 WILLIAMS, JJ., concur.

[1] The name of the Respondent is MidFirst Bank on the
 briefs and record, but apparently, Mortgage Electronic and MidFirst Bank are
 related or share the same interest.
[2] At the time of bidding, Hendrick was the secretary
 for Circuit Court Judge John Breeden.  
[3]  Shawnee alleges it did not receive written notice of
 the order setting aside the first sale until August 16, 2006, nor did it have
 notice of the subsequent sale.  The motion to set aside the sale and the notice
 of appeal were both filed and served on September 12, 2006.  
[4] Both parties stated in their briefs the master
 informally notified them he would not rule on the motion to set aside the
 second sale due to the filing of the notice of appeal.  
[5] We decide this case without oral argument pursuant to
 Rule 215, SCACR.