### 18429

Alma B. MONTGOMERY, Administratrix of the Estate of William Montgomery, Appellant, v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Respondent.

(145 S. E. (2d) 437)

*Messrs. C. M. Edmunds* and *George D. Levy,* of Sumter, and *Rogers & Riggs,* of Manning, *for Appellant,* 

*Messrs. John G. Dinkins,* of Manning, and *Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,* 

December 2, 1965.

BRAILSFORD, Justice.

Plaintiff's intestate, William Montgomery, met his death on December 24, 1961, while riding in a pickup truck driven by one Fladger Parson and owned by Parson's employer, Clarendon Supply Company. Plaintiff brought an action against Parson, alleging that Montgomery's death was caused by Parson's recklessness in the operation of the truck and recovered a judgment against him. She then brought this action against Employers Mutual Liability Insurance Company, Clarendon Supply Company's liability insurance carrier, alleging that Parson's use of the truck at the time of the fatal accident was with the permission and consent of the insured; hence, that Parson was an insured under the required omnibus or extended coverage provision of the insurance policy. Sec. 46-750.11, Code of Laws 1962. The insurance carrier denied this essential allegation of the complaint, and, at the conclusion of plaintiff's evidence, the court granted a nonsuit. The plaintiff has appealed upon the ground that the evidence raised a jury issue as to whether the use of the truck by Parson was with the permission of his employer, express or implied. The following facts are undisputed or fairly supported by testimony.

Parson was an employee of Clarendon Supply Company and regularly drove a pickup truck belonging to his employer in the course of his work. He was permitted to drive this vehicle to and from his place of employment and to keep it at his home in the town of Manning at night, over the weekends and on holidays. Parson customarily and openly used this truck for his own purposes outside of business hours and frequently was seen driving it in and about the town of Manning after working hours and on Sundays. The accident occurred on a Sunday while Parson was driving the truck in the environs of the town for his own convenience or pleasure, as he customarily did.

The testimony in this case as to a course of conduct over a considerable period of time involving a general use of the

truck by the employee outside of business hours readily distinguishes it from *Crenshaw v. Harleysville Mutual Casualty Company,* S. C., 144 S. E. (2d) 810, filed November 3, 1965, in which the omnibus clause of an automobile insurance policy was construed and applied, and in which other recent decisions involving this clause were cited. This course of conduct, with the apparent acquiescence of the employer, is sufficient to support an inference of implied consent applicable to the use to which the truck was being put at the time of the accident. Admittedly, there was no direct evidence that the employer knew of the employee's customary use of the truck. However, the evidence as to the character, extent and duration of such use, in and about the small town of Manning, with the name of the local employer conspicuously displayed on the vehicle, would reasonably support a jury finding that the employer did know of it.

We are satisfied that the evidence offered by plaintiff, when construed in the light most favorable to her, was sufficient to sustain an inference that the use of the truck by Parson was with the consent of the insured. Therefore, it was error to grant a nonsuit.

Reversed and remanded for a new trial.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.