21767

Ertha Lee HODGES, Respondent, v. STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY, Appellant.

(294 S. E. (2d) 47)

*Isadore Bogoslow,* Walterboro, *for appellant.*

*Gerald C. Smoak,* of *Smoak, Howell, Bridge & Moody,* Walterboro, *for respondent.*

July 26, 1982.

GREGORY, Justice:

This appeal is from an order granting summary judgment to respondent Hodges and denying summary judgment to appellant State Farm on the ground a second permittee was an insured driver within the meaning of an omnibus clause of a liability insurance policy. We reverse in part, affirm in part, and remand.

Respondent Ertha Lee Hodges obtained a default judgment on March 28, 1979, against the Administrator of the Estate of Charlie Hodges, Jr., her deceased husband, for injuries she received in an automobile accident December 11, 1971.

She then brought this action against State Farm under the omnibus clause of the liability insurance policy covering the van in which she was riding at the time of the accident. The applicable portions of the policy read:

Definition of Insured — the unqualified word "insured" includes
(1) The named insured, and

\* \* \*

(4) any other person while using the owned motor vehicle, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION, and . . . .

The owner of the van and the named insured was Brice Herndon, operator of a funeral home in Walterboro.

The events leading to this action began on December 10, 1971, when Herndon gave John Butterfield, one of his employees, permission to drive the van to Butterfield's home near Springtown, some twelve (12) miles from Walterboro. In his deposition, Herndon testified Butterfield had his own car, but

that he had allowed Butterfield to drive the van home on four or five occasions. Herndon also testified he instructed Butterfield to drive the van home, take the keys out and not to touch the van until returning to work the next morning.

Butterfield proceeded to his home in the van. However, later that evening he drove the van to a nightclub in Springtown. Leaving the nightclub, he offered rides to Ertha Lee Hodges, Charlie Hodges, Jr., John Edward Lewis, and Margie Lewis. Apparently an altercation took place between Butterfield and John Edward Lewis and Butterfield was injured. Butterfield then asked Charlie Hodges, Jr. to drive the van and him to the hospital in Walterboro. After Hodges dropped off Margie Lewis, he proceeded about three quarters of a mile where the van ran into a ditch, injuring the respondent.

Respondent relies solely on the emergency situation doctrine to make (declare) Charlie Hodges, Jr., the second permittee, an insured driver. This doctrine states: "A permittee has an insured's implied permission to allow another person to drive the insured's automobile, so as to give effect to the omnibus clause in the insured's automobile liability policy, where an emergency situation demands such a course of action, . . . " 7 Am. Jur. (2d), *Automobile Insurance*, § 259 at p. 847 (1980).

Citing *Brooks v. Delta Fire and Casualty Co.*, 82 So. (2d) 55 (La. App. 1955), as authority, the trial judge granted respondent's motion for summary judgment and denied appellant's motion for summary judgment.

We recognize the validity of the emergency situation doctrine when applicable. In *Brooks*, the named insured knew the second permittee, Miss Dietz, would be riding in the car with the first permittee, his daughter. He further knew his daughter was carrying her baby with them, a situation which could force her to request the second permittee to drive. Interpreting *Brooks*, the Louisiana Supreme Court said: "The situation which occurred there, in view of the circumstances, should have been foreseen by the named insured, and therefore, his consent to Miss Dietz (second Permittee's) use of the car was implied." *Rogillio v. Cazedessus*, 241 La. 816, 127 So. (2d) 734, 748 (1961).

Thus, under *Brooks*, before the emergency situation doctrine can be considered applicable, it must first be determined

whether Butterfield had the implied permission of the named insured to drive the van for purposes other than transportation to and from work. Respondent does not contend Butterfield had express permission to do this.

At deposition, respondent testified Butterfield regularly used the van for personal errands and social activity. She had ridden in it over ten or twelve times, the last time a week before the accident when Butterfield took her home from a club in Springtown. She testifed he drove the van when he got ready.

The named insured had access to and control over the odometer in the vehicle and knew the distance to the Butterfield residence. He would also know by the mileage recorded on the odometer whether the van was being utilized for additional purposes other than driving back and forth to work.

Summary judgment can be granted only where no issue of fact is involved and inquiry into the facts is not desirable. This is true even when there is no dispute as to the evidentiary facts if there is a dispute as the conclusions to be drawn from them. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980); *McFarlane v. Manly*, 274 S. C. 392, 264 S. E. (2d) 838 (1980); *Abrams v. Wright*, 262 S. C. 141, 202 S. E. (2d) 859 (1974).

A finding that Butterfield had implied permission of the named insured to take the van to the nightclub must first be made, under *Brooks*, before the emergency situation doctrine can apply to declare the second permittee, Charlie Hodges, Jr., respondent's deceased husband, an insured driver under the omnibus clause of the named insured's liability insurance policy.

Respondent concedes, and we agree, this initial question of whether Butterfield had implied permission to take the van to the nightclub hinges on disputed facts or diputed conclusions drawn from them; therefore, is one for the jury. *Montgomery v. Employees Mutual Liability Insurance Co.*, 247 S. C. 46, 145 S. E. (2d) 437 (1965). So, it was improper to grant summary judgment to respondent.

Accordingly, we reverse that part of the order granting summary judgment to respondent, affirm that part of the order denying summary judgment to appellant and remand for a trial on the merits.

Reversed in part; affirmed in part; and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.