THOMAS KELLY v. THE HENRY MUHS COMPANY.

Submitted July 2, 1904—Decided November 7, 1904.

In an action based upon a neglect of duty, it is not enough for the plaintiff to show that the defendant neglected to perform a duty, imposed by statute for the benefit of a third person, and that he would not have been injured if the duty had been performed. He must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Joseph H. Lefferts*.

For the demurrant, *Coult, Howell & Ten Eyck*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff sues to recover compensation for injuries received by him by falling through an unguarded elevator shaft in the defendant's factory.

The declaration avers that the plaintiff was a fireman in the employ of the fire department of the city of Passaic, and at the time of the accident, which occurred in the night-time, was in the defendant's factory in the performance of his duties as a member of the fire department to aid in extinguishing a fire which had broken out in the building.

The liability of the defendant is predicated upon the fifth section of the statute entitled "A general act relating to factories and workshops, and the employment, safety, health and work hours of operatives." *Gen. Stat., p.* 2345. The first section of this act imposes a penalty upon any employer, engaged in manufacturing, for discharging an employe without notice; the second section requires that accidents to employes in any workshop, factory, or mine, shall be reported to the labor inspector; the third section requires all machinery, shafting, belting, &c., in factories and workshops, when so placed as to be dangerous to employes, to be securely guarded, when practicable; the fourth section prohibits the employment of minors or women in the cleaning of machinery; the *fifth section* requires that all hoistways and elevators in factories shall be protected by trap doors or guard rails; the sixth section regulates the use of explosive and inflammable compounds in factories; the seventh section prohibits the employment of minors under the age of sixteen for more than ten hours a day; the eighth and ninth sections require the making of suitable provision for the cleanliness and comfort of female operatives; the tenth section provides means to prevent overcrowding in factories to such an extent as to endanger the health of operatives; the eleventh and twelfth sections provide for the ventilation of factories to prevent injury to the health of operatives by inhaling dust and other impurities; the thirteenth section regulates the construction of bakehouses; the fourteenth section requires sleeping places outside the bakehouse to be provided for employes working therein; the fifteenth and last section imposes a penalty upon the owner, lessee or occupant of any factory,

mine, workshop, or store, for violating any of the provisions of the act.

. Both the title and the body of the statute make it plain that the sole purpose of its enactment was to provide for the protection and comfort of employes. The duties imposed thereby are exclusively for their benefit. Neither firemen nor any other class of persons, except the one named in the act, come within its provisions, and for injuries resulting from failure to perform any of those duties the employer is answerable to his operatives alone. In an action based upon a neglect of duty it is not enough for the plaintiff to show that the defendant neglected to perform a duty imposed by statute for the benefit of a third person, and that he would not have been injured if the duty had been performed, he must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection. *Hamilton* v. *Minneapolis Desk Manufacturing Co., 78 Minn.* 3.

The declaration failing to disclose that the injuries received by the plaintiff were due to the failure of the defendant to perform any duty which the latter owed to the former, the demurrer should be sustained.

The defendant is entitled to judgment on the demurrer.