Gerald G. TROWELL, Plaintiff,

v.

**BRUNSWICK PULP AND PAPER COMPANY and Kockum Industries, Defendants.**

Civ. A. No. 80–1161–1.

United States District Court, D. South Carolina, Charleston Division.

Oct. 1, 1981.

Lee S. Bowers, Estill, S. C., for plaintiff.

Stephen E. Darling, Sinkler, Gibbs & Simons, Charleston, S. C., for defendant, Brunswick Pulp and Paper Co.

Elliott T. Halio, Halio & Holmes, Charleston, S. C., for defendant, Kockum Industries.

## ORDER

HAWKINS, District Judge.

This matter, instituted on June 19, 1980, is before the court on defendant Brunswick Pulp and Paper Company's motion *in limine* to prohibit any evidence at trial of violations of Sections 651 *et seq.*, of Title 29 of the United States Code, commonly known as the Occupational Safety and Health Act of 1970 (hereinafter OSHA), or any rules and regulations promulgated thereto as evidence of standard of care, negligence, or negligence per se, and to prohibit any instruction by the court to the jury as to violations of OSHA or its rules or regulations as evidence of a standard of care, negligence, or negligence per se.

This lawsuit arises out of an accident which occurred on October 16, 1978, at the defendant Brunswick Pulp and Paper Company's hardwood chip mill in McCormick, South Carolina. The plaintiff has alleged that the accident was caused by a defective debarker designed and manufactured by defendant Kockum Industries and improperly operated by the defendant Brunswick. The plaintiff was not an employee of Brunswick but rather was touring the Brunswick premises to observe the chip mill in order for his own employer to have some information before bidding on a project requiring the supply of similar machinery.

No reported cases have been found from South Carolina or from the Fourth Circuit which consider whether or not evidence of OSHA violations would be admissible as

evidence of a standard of care, negligence, or negligence per se.

In several South Carolina cases, the court has found that the violation of a particular statute is negligence per se. *See, e. g., Wright v. S. C. Power Co.*, 205 S.C. 327, 31 S.E.2d 904 (1944); *Eickhoff v. Beard-Laney, Inc.*, 199 S.C. 500, 20 S.E.2d 153 (1942).

Given the fact that these OSHA regulations have the effect of law, *see*, 29 U.S.C. § 654, that would be applicable to establish negligence per se only if certain criteria are met. The first requirement to be met before such use is that the plaintiff must fall within the class of persons protected under the statute or regulation. *See, Williams v. Hill Mfg. Co., Inc.*, 489 F.Supp. 20 (D.S.C.1980); *Smoak v. Martin*, 108 S.C. 472, 94 S.E. 869 (1918). It is the opinion of this court that plaintiff, as an invitee, is not within the class of those protected by OSHA regulations. The court is persuaded by the following language, which provides that the Act does not "enlarge or diminish or affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). This court's view is shared by the Fifth Circuit in *Barrera v. E. I. Dupont De Nemours and Co., Inc.*, 653 F.2d 915, 920 (5th Cir. 1981), and is supported by two district court cases which have held that the OSHA regulations do not even apply to employees of subcontractors. *See, Horn v. C. L. Osborn Contracting Co.*, 423 F.Supp. 801, 808 (M.D.Ga.1976); *Cochran v. International Harvester Co.*, 408 F.Supp. 598, 602 (W.D. Ky.1975). Since the plaintiff is not in the class to be protected, evidence of an OSHA violation would not be admissible as evidence of negligence per se. Furthermore, the argument that OSHA impliedly creates a private cause of action under federal law for violation of OSHA standards has been rejected by every state and federal court in which it has been advanced, including the Fourth Circuit. *See, e. g., Barrera v. E. I. Dupont De Nemours and Co., Inc.*, 653 F.2d 915 (5th Cir. 1981); *Byrd v. Fieldcrest Mills, Inc.*, 496 F.2d 1323 (4th Cir. 1974); *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974).

Similarly, there are no cases in the Fourth Circuit or in South Carolina concerning the issue of whether evidence of OSHA violations, such as those alleged to have been committed by the defendant Brunswick, should be admitted as evidence of negligence or as an applicable standard of care. However, in *Williams v. Hill Mfg. Co., Inc.*, 489 F.Supp. 20 (D.S.C.1980), which involved a tort action by a town employee against a manufacturer, Judge Hemphill held that reference to the Department of Transportation's rules and regulations concerning the shipment of flammables should be stricken from the plaintiff's complaint, because the plaintiff was not a member of the class meant to be protected by such rules as he was injured some fourteen months after shipment. In addition, the court found that the rules had no relevance to the setting of minimal industry standards as to warnings necessary for the protection of those expected to use the chemical. In the *Williams* case, reference is made to *Garrett v. E. I. Dupont De Nemours & Co.*, 257 F.2d 687 (3d Cir. 1958), where the Third Circuit Court of Appeals affirmed the decision of the trial court to exclude any evidence from expert witnesses of alleged violations by the defendant of certain I.C.C. regulations. In *Garrett*, the plaintiff was badly burned by sulfuric acid as he attempted to pour it out of a fifty-five gallon metal drum which had been lying in the plant for twenty days when the accident occurred. Since the goods could not be said to be in transit, the court found that the plaintiff Garrett was not in the class entitled to protection under certain I.C.C. shipping regulations. Thus, the court found that the trial judge had properly excluded all evidence concerning those shipping regulations even though the defendant had admitted in his answers to interrogatories that those regulations comprised known standards of care in the industry. As explained by the court:

In an action based upon a neglect of duty, it is not enough to show that the defendant neglected to perform a duty imposed by statute for the benefit of a third person, and that he would not have been injured if the duty had been performed. He must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection. *Id.* at 690.

Of course, the *Garrett* court approved of the introduction of all other evidence relative to the standards of care recognized by the chemistry industry relating to the injury.

The defendant Brunswick cannot be held to a higher standard of care than is required by the common law of negligence. As explained, OSHA does not create a duty of compliance to the OSHA standards on the part of Brunswick in regard to a non-employee such as the plaintiff. It is the opinion of this court that the admission of any evidence of the OSHA violations would be highly prejudicial to this defendant. Even with the proper instructions to the jury, the prejudicial effect of such evidence would outweigh the probative value in this situation where the regulations are not determinative of the standard of care owed this plaintiff. It is, therefore,

ORDERED, that defendant Brunswick's motion *in limine* to prohibit any evidence at the trial as to alleged violations by defendant Brunswick of OSHA provisions, rules and regulations, is hereby granted.

AND IT IS SO ORDERED.