JAMES ENTWISTLE, GAIL ENTWISTLE AND FRANCIS PAPAPIE-
TRO, PLAINTIFFS-APPELLANTS, v. ROGER DRAVES, D/B/A
NORTH FORTY TAVERN, ED'S MANOR TAVERN, EDWARD
DRAVES AND RAYMOND LUBY, DEFENDANTS-RESPON-
DENTS.

KEVIN OSBORNE AND GERALDINE OSBORNE, PLAINTIFFS-AP-
PELLANTS, v. ROGER DRAVES, D/B/A NORTH FORTY TAV-
ERN, ED'S MANOR TAVERN, EDWARD DRAVES AND RAY-
MOND LUBY, DEFENDANTS-RESPONDENTS.

JOHN LENSI AND FRANCES LENSI, PLAINTIFFS-APPELLANTS,
v. ROGER DRAVES, D/B/A NORTH FORTY TAVERN, ED'S
MANOR TAVERN, EDWARD DRAVES AND RAYMOND LUBY,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 7, 1985—Decided March 11, 1985.

1

Before Judges McELROY, DREIER and SHEBELL.

*Thomas J. Pisarri* argued the cause on behalf of appellants Entwistle (*McCarter & Pisarri*, attorneys; *Thomas J. Pisarri* and *Marc N. Isenberg*, on the brief).

*Marc N. Isenberg* argued the cause on behalf of appellants Osborne (*Marc N. Isenberg* and *Thomas J. Pisarri* on the brief).

*Andrew S. Kessler* argued the cause on behalf of respondent Roger Draves as to general liability (*Klein, Chapman, Diiani,*

*Greenburg, Henkoff & Siegel,* attorneys; *Andrew S. Kessler* on the brief).

*Bruce C. Morrissey* attorney for respondent Roger Draves as to alcohol liability (relying on brief of *Andrew S. Kessler*).

Brief suppressed on behalf of respondent Edward Draves.

Brief suppressed on behalf of respondent Luby.

PER CURIAM.

Plaintiffs, police officers of New Milford, responded to a call to quell an unruly group of young and presumably intoxicated patrons at the North Forty Tavern in that town. Each received injuries of varying degree in their attempt to perform their duty to uphold the law and keep the public peace. They sued the defendants who are respectively the tavern keeper, the owner of the property on which the establishment is located, and the bartender who allegedly caused those who injured plaintiffs to be intoxicated or allowed those patrons to reach a state where police intervention was required.

The initial suit was predicated on ordinary negligence and was defeated by a motion for summary judgment granted to defendants under the public policy principles of *Krauth v. Geller,* 31 *N.J.* 270 (1960), the so-called fireman's rule, more recently extended by the Supreme Court to policemen injured in the course of their duties by *Berko v. Freda,* 93 *N.J.* 81 (1983). *Compare Alessio v. Fire & Ice, Inc.,* 197 *N.J.Super.* 22 (App. Div.1984) (where this court declined to automatically apply the policy rule of non-recovery to a police officer attacked and injured by tavern brawlers when, at the tavern keeper's request, he attempted to calm a barroom disturbance while off duty, out of uniform and present at the tavern as a patron.)

Having failed upon assertions of ordinary negligence, the plaintiffs in the present case moved to amend their complaints to assert that the actions of defendants in serving the tavern brawlers and permitting their conduct to get out of hand

amounted to wilful, wanton misconduct and gross negligence.[1] Defendants countered with a renewed motion for summary judgment and Judge Van Tassel accepting, as he was obliged to do on such a motion, the proposition that plaintiffs could demonstrate extraordinary misconduct on the part of defendants, nevertheless held that the *Berko* rule barred plaintiffs' claims for damages. *Entwistle v. Draves*, 194 *N.J.Super.* 571 (Law Div.1984). The undisputed facts are set forth in the decision of Judge Van Tassel and need not be further addressed by us. We affirm that determination substantially for the reasons set forth in his reported opinion. We add to his comprehensive discussion of the issues raised the conclusions drawn by this court in *Ferraro v. Demetrakis*, 167 *N.J.Super.* 429, 432, 433 (App.Div.1979), certif. den. 81 *N.J.* 290 (1979), a case in which recovery was sought for the wrongful death of two firemen caused by smoke inhalation from a fire started by a malfunctioning oil burner. There we stated:

> Plaintiffs further attempt to fit within a second exception which they claim was acknowledged by the *Krauth* court: recovery may be had where the negligence rose to the level of wantonness. We disagree that any such exception was recognized in *Krauth*. Indeed, the Court expressly declined to decide whether wantonness was an exception, citing the absence of evidence of such conduct in that case. 31 *N.J.* at 277. Moreover, it implied that the wantonness exception was not tenable: "In the context of the policy considerations which underly the rule of non-liability for negligence with respect to the origination of a fire, it is debatable whether degrees of culpability are at all pertinent." *Ibid.* Absent intentional, malicious conduct, therefore, we conclude that wanton conduct with respect to the cause of a fire would not require waiver of the general rule. [*Ibid.*]

██ Plaintiffs' brief appears to argue an issue not raised below, at least it is not directly discussed in Judge Van Tassel's opinion. In order to dispose of this matter we will address this contention. Plaintiffs direct our attention to *N.J.A.C.* 13:2–23.-6(a) which provides:

---

[1] Plaintiffs concede that there is no claim that defendants acted maliciously. The ground for action here is not an attempt to demonstrate such a wilful intent, rather plaintiffs hope to make a case of conduct exceeding a lack of ordinary care.

> No licensee shall engage in or allow, permit or suffer in or upon the licensed premises:
>
> 1. Any lewdness or immoral activity;
> 2. Any brawl, act of violence, disturbance, or unnecessary noise;
> 3. Nor shall any licensee allow, permit or suffer the licensed place of business to be conducted in such a manner as to become a nuisance.

Plaintiff's assert that defendants were in violation of this regulation and thus should not have the protection of the *Berko* rule. The argument is not persuasive. The regulation requires of a licensee that he not permit or suffer "any brawl, act of violence, disturbance or unnecessary noise" nor may he permit or suffer "a nuisance." The purpose of the regulation is to keep the public peace. This is also the duty for which police are employed and were here called upon to perform. The regulation is designed to protect the general public. It is not designed to found a cause of action for a police officer. *Cf., Kelly v. Muhs Co.*, 71 *N.J.L.* 358, 360 (Sup.Ct.1904) (where an ordinance intended to protect employees of a business where the fire occurred was rejected as a basis for a fireman's suit for injury). Plaintiff "must show that the duty was imposed for his benefit, or was one which the defendant owed to him for his protection." *Id.* Moreover, although defendants may have violated the regulation, the dangers thereby created are the risks inevitably involved in police work. The concept was addressed by the Supreme Court in *Berko* where the Court commented favorably upon the California decision in *Walters v. Sloan*, 20 *Cal.*3d 199, 571 *P.*2d 609, 142 *Cal.Rptr.* 152 (1977):

> In *Walters v. Sloane, supra,* defendant hosted a party at which liquor was served to minors. As not uncommonly happens, some disorder developed, which plaintiff police officer was sent to quell. Several of the intoxicated guests assaulted the officer, who claimed the assault proximately resulted from the defendants having served liquor to the minors. The court found the "fireman's rule" precluded recovery, for a police officer summoned to restore peace assumes the risk of violence. The court offered a second reason justifying the rule: fundamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement. 20 *Cal.*3d at 204–05, 571 *P.*2d at 612, 142 *Cal.Rptr.* at 155. This fundamental concept rests on the assumption that governmental entities employ firefighters and police officers, at least in part, to deal with the hazards

that may result from their taxpayers' own future acts of negligence. [*Berko,* 93 *N.J.* at 87]

Whatever the label one attaches to defendants' actions or failure to act, be it negligence, or wilful, or wanton misconduct or an incidental violation of an Alcoholic Beverage Control Regulation, it is clear that public policy bars policemen injured in the course of their employment duties from any actionable remedy.

Affirmed.