JAMES ENTWISTLE, GAIL ENTWISTLE PER QUOD, AND FRANCIS PAPAPIETRO, PLAINTIFFS-APPELLANTS, v. ROGER DRAVES, D/B/A NORTH FORTY TAVERN, RAYMOND LUBY AND ED'S MANOR TAVERN, INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

KEVIN OSBORNE AND GERALDINE OSBORNE, PLAINTIFFS-APPELLANTS, v. ROGER DRAVES, INDIVIDUALLY AND D/B/A NORTH FORTY TAVERN, NORTH FORTY TAVERN, AND ED'S MANOR TAVERN, INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

JOHN LENSI AND FRANCES LENSI, PLAINTIFFS-APPELLANTS, v. ROGER DRAVES, INDIVIDUALLY AND D/B/A NORTH FORTY TAVERN, NORTH FORTY TAVERN, AND ED'S MANOR TAVERN, INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Argued March 3, 1985—Decided May 21, 1986.

*Thomas J. Pisarri* and *Marc N. Isenberg* argued the cause for appellants (*McCarter & Pisarri*, and *Marc N. Isenberg* attorneys).

*Andrew S. Kessler* argued the cause for respondents as to general liability (*Klein, Chapman, DiIanni, Greenberg, Henkoff & Siegel*, attorneys).

*James R. Zazzali* argued the cause for *amicus curiae* State Police Benevolent Association (*Zazzali, Zazzali & Kroll*, attorneys; *Kenneth I. Nowak*, on the brief).

*Bruce Morrissey* submitted a letter in lieu of brief on behalf of respondent Roger Draves, d/b/a North Forty Tavern as to dram shop liability.

*Timothy J. Dunn, II,* submitted a letter in lieu of brief on behalf of respondent Raymond Luby as to dram shop liability.

The opinion of the Court was delivered by

STEIN, J.

This is a companion case to *Mahoney v. Carus Chem. Co.,* 102 *N.J.* 564 (1986), which we also decide today. As did *Mahoney,* this case concerns the application of the fireman's rule to bar recovery for injuries allegedly caused by willful and wanton misconduct.

Plaintiff police officers responded to a call for assistance from the bartender of the North Forty Tavern in New Milford.

When they arrived at the tavern, they were assaulted by an unruly crowd of patrons that had congregated in the parking lot. The officers sustained personal injuries of varying severity. Plaintiff Entwistle's injuries were serious enough to require his disability retirement from the police department.

Plaintiffs sued the tavern owner, the bartender, and the owner of the property. Their original complaint alleging ordinary negligence was dismissed on the basis of the fireman's rule, *Krauth v. Geller*, 31 *N.J.* 270 (1960), and its extended application to police officers, *Berko v. Freda*, 93 *N.J.* 81, (1983). Plaintiffs moved to amend the original pleadings to include a cause of action for willful and wanton misconduct. Defendants cross-moved for summary judgment. In support of their motion, plaintiffs relied on deposition testimony that disclosed a substantial number of prior occasions on which defendants had sought police assistance to clear the parking lot of violent patrons. Plaintiffs contended that defendants' failure to have an adequate number of employees present on the night in question, in the context of the past record of rowdiness and violence, constituted willful and wanton misconduct.

The trial court denied plaintiffs' motion to amend their complaint and granted summary judgment to defendants, holding that the fireman's rule was a bar to liability even if the incident requiring the officer's presence was the result of willful and wanton misconduct. 194 *N.J.Super.* 571, 574 (1984). The Appellate Division affirmed, 200 *N.J.Super.* 1 (1985), and we granted certification. 102 *N.J.* 310 (1985).

In *Mahoney v. Carus Chem. Co., supra,* we held that the fireman's rule does not bar recovery for injuries occasioned by a fire that is caused by willful and wanton misconduct. However, such conduct involves an extraordinary degree of culpability. Plaintiffs' proposed amended complaint restates the factual allegations of the original pleading and affixes the "willful and wanton" label to facts previously characterized as simple negligence. Plaintiffs acknowledge that their motion to amend

the complaint was made after "depositions of all parties who have relevant information [had] been taken" and that "the gist of the action and surrounding factual patterns are not different." The bar of the fireman's rule may not be avoided by recasting merely negligent conduct as "willful and wanton." To constitute willful and wanton misconduct, plaintiffs must show that "there has been a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." *Mahoney v. Carus Chem. Co.,* *supra,* 102 *N.J.* at 575 (quoting *Berg v. Reaction Motors Div.,* 37 *N.J.* 396, 414 (1962)).

The papers in support of the motion to amend the complaint, filed after discovery was substantially completed, disclose the essential elements of plaintiffs' proposed cause of action. After drawing all reasonable inferences in favor of the plaintiffs, *see Jersey City v. Hague,* 18 *N.J.* 584, 587–88 (1955), we conclude as a matter of law that plaintiffs have not alleged an actionable claim grounded in willful and wanton misconduct.

Accordingly, we affirm the judgment of the Appellate Division.

CLIFFORD, J., concurring in judgment.

I agree with the Court that the conduct of which these defendants are alleged to have been guilty does not rise to the level of willful and wanton as that term is ordinarily defined. See *Krauth v. Geller,* 31 *N.J.* 270, 277 (1960). But my vote to affirm does not rest on that ground. Rather, in keeping with my partial dissent in *Mahoney v. Carus Chem. Co.,* 102 *N.J.* 564, 583 (1986), I would hold that the "fireman's rule" is available as a defense even to a suit by a police officer who alleges and, unlike these plaintiffs, can establish that defendants were guilty of willful and wanton misconduct.

Judge Van Tassel had it right at the trial level, *Entwistle v. Draves,* 194 *N.J.Super.* 571, 577 (Law Div.1984), with his reference to the California law:

Police officers may not complain of wilful or wanton misconduct for they are employed to deal with behavior made the subject of their duties whether it arises as a result of someone's careful behavior, negligence or wilful or wanton misconduct.

[*Holden v. Chunestudey*, 101 *Cal.App.* 3d 959, 962, 161 *Cal.Rptr.* 925, 926 [Ct.App.1980).]

I concur in the judgment to affirm.

HANDLER, J., dissenting.

In this companion case to *Mahoney v. Carus Chemical Co. Inc.*, 102 *N.J.* 564 (1986), decided today, the plaintiff police officers who were injured by a violent mob of patrons in the parking lot of a tavern filed suit against the tavern owner, the bartender and the owner of the property originally alleging ordinary negligence. Upon dismissal of this initial complaint, plaintiffs moved to amend the pleadings to encompass a cause of action alleging willful and wanton misconduct. Despite evidence revealing numerous prior occasions of unruly behavior on the premises and plaintiffs' contention that defendants' failure to employ adequate personnel constituted willful and wanton misconduct, plaintiff's motion to amend their complaint was denied by the trial court. The Appellate Division affirmed. This Court in affirming the Appellate Division reasoned that the plaintiffs have not alleged an actionable claim grounded in willful and wanton misconduct. *Ante* at 561.

The majority is locking plaintiffs into their original characterization of the misconduct as "negligence" and will not allow them to attempt to prove that the tortious acts could reasonably be found by a trier of fact to be willful and wanton misconduct. *Mahoney v. Carus Chemical Co. Inc., supra*, 102 *N.J.* 564. In this decision, we are implicitly given an example of the line-drawing that must be made between negligence, gross negligence, willful and wanton misconduct and intentional misconduct and, as a corollary between normal or ordinary risks, abnormal or extraordinary risks, and independent causes. We thus have, in this case, this Court—not even a trial court or jury—deciding that alleged tortious conduct cannot be con-

sidered more egregious than ordinary negligence so as to create an "abnormal" risk of injury and thereby constitute an "independent cause" of the hazard that led to the policemen's injuries.

This, in my opinion, is merely another inequitable result stemming from the application of the fireman's rule. The inevitable wavering and blurring of the line between willful and wanton misconduct and negligent conduct will perpetrate unfairness and continue to deprive injured police officers and firefighters of the reasonable redress to which they are justly entitled.

For these reasons, and for those set forth in my separate opinions in *Berko v. Freda*, 93 *N.J.* 81, 91 (1983) and *Mahoney v. Carus Chemical Co. Inc.*, *supra*, 102 *N.J.* 564, I dissent.

*For affirmance*—Chief Justice WILENTZ, and Justices POLLOCK, CLIFFORD, O'HERN, GARIBALDI and STEIN—6.

*For reversal*—Justice HANDLER—1.