Lawrence E. BEHLKE,
et al., Appellants,

v.

CONWED CORPORATION, Respondent.

No. C0–90–2610.

Court of Appeals of Minnesota.

Aug. 6, 1991.

Review Denied Oct. 11, 1991.

Dean M. Horwitz, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis., John G. Brian, III, Robins, Kaplan, Miller & Ciresi, St. Paul, for appellants.

Anthony S. Downs, Steven W. Schneider, Halverson, Watters, Bye, Downs, Reyelts & Bateman, Ltd., Duluth, for respondent.

Considered and decided by CRIPPEN, P.J., and FOLEY and MULALLY, JJ.*

## OPINION

FOLEY, Judge.

Appellants Lawrence E. Behlke and Dorothea S. Behlke challenge the trial court's denial of motions for judgment notwithstanding the verdict, a new trial or a directed verdict. The Behlkes maintain the exclusion of a witness' prior inconsistent statements, limitation of expert testimony and denial of Behlke's request for a directed verdict were an abuse of discretion that deprived the Behlkes of a fair trial. They also contend evidence of an alleged OSHA regulation violation should have been allowed in evidence. We affirm in part, reverse in part and remand for a new trial.

---

* Retired judge of the district court, acting as judge of the Court of appeals by appointment

## FACTS

On June 24, 1982, Lawrence drove his employer's semi-truck to respondent Conwed Corporation's loading dock to pick up Tuflex rolls. Tuflex is a pulp-type material used for padding furniture. It is about ¼ inch thick and wrapped in rolls approximately 24 inches long and weighing 35 to 40 pounds. The rolls were stacked in three tiers on pallets: four rolls on the bottom row, four rolls on the middle row and two rolls on the top. The rolls were not secured or tied. The truck was backed into Conwed's loading dock, with the trailer lower than the loading dock floor.

Steven Lyons, a Conwed employee, took a roll off the pallet and rolled it to another Conwed employee. That employee took the roll and stacked it in the truck trailer. Lawrence stood on the dock, about two feet away from the pallet, counting the rolls as they were put in the trailer. This count was turned in with the bill of lading when Lawrence delivered the Tuflex to his employer. There is no dispute that he was allowed on the dock or that he was not in the way of the Conwed employees loading the rolls.

Lyons testified he was removing a roll from the top tier of the pallet, with his back turned to Lawrence. When he turned around, Lawrence had fallen from the loading dock. Lyons was the only Conwed employee on the dock at that time and testified he did not see what happened. Lawrence testified he bent down to tie his shoe with his back to Lyons and the pallet. He was knocked off the loading dock when he was hit in the back with something heavy. Lawrence concluded Lyons knocked a roll of Tuflex off the pallet and the roll hit Lawrence in the back and knocked him off the loading dock. An ambulance took Lawrence to the hospital. He suffered from shoulder, back and hip injuries and did not return to work as a truck driver. Lawrence retired September 2, 1986 at age 65.

pursuant to Minn. Const. art. VI, § 2.

The case was tried to a jury, which returned a special verdict finding Lawrence negligent, Conwed not negligent. The jury also awarded damages to the Behlkes, including $6,000 past hospital and medical expenses, $1,200 future hospital and medical expenses, $33,000 lost earnings, $5,000 past pain and suffering, and $5,000 future pain and suffering.

The Behlkes moved for judgment notwithstanding the verdict, a new trial or for a directed verdict. The trial court denied their motions. The Behlkes appealed. Conwed moved to dismiss the appeal, citing numerous errors in processing of the appeal. This court denied the dismissal, finding no jurisdictional errors or substantial prejudice as a result of error.

## ISSUES

1. Did the trial court err in denying the Behlkes' motion for a directed verdict?

2. Did the trial court err by excluding Lyons' deposition testimony?

3. Did the trial court err in limiting certain other testimony?

## ANALYSIS

1. In an appeal from a denial of a motion for a directed verdict, this court is to review "whether the evidence and its inferences could have reasonably sustained a contrary verdict." *Woodrow v. Tobler*, 269 N.W.2d 910, 917 (Minn.1978). This court must determine if the trial court's failure to direct a verdict regarding negligence was error. If it was error, this court must determine whether the error prejudiced the outcome.

The Behlkes contend the trial court erred in its denial of their motion for a directed verdict that Lawrence was not negligent. They argue that by submitting the question of negligence to the jury, the trial court put undue emphasis on fault when it was undisputed that Lawrence was not negligent. Conwed argues the submission was harmless error.

■ Ordinarily, in negligence cases factual disputes are for the jury to decide. *LeClair v. Sickler*, 275 Minn. 320, 328, 146

N.W.2d 853, 858 (1966). When facts are not disputed, however, and reasonable persons could draw only one conclusion, a fact can be found as a matter of law by the court. *Conover v. Northern States Power Co.*, 313 N.W.2d 397, 401 (Minn.1981). The verdict must be overturned if "the evidence is practically conclusive against the verdict or if reasonable minds could reach but one conclusion against the verdict." *Melin v. Johnson*, 387 N.W.2d 230, 232 (Minn.App. 1986), *pet. for rev. denied* (Minn. July 31, 1986).

■ It is clear it was undisputed that Lawrence was not negligent. The trial court stated in its order:

> Perhaps the Court should have, especially after defendant conceded the point in its argument, directed answer to the special verdict question [Was Behlke negligent?] to be no. Had the Court done that and given the appropriate instruction following the direction of a response, the answer to [Was Conwed negligent?] could still have been in the negative. Thus, changing the answer to [was Behlke negligent?] at this point would not change the thrust of the jury's findings concerning liability.

Because Lawrence's negligence was not a disputed fact question, we hold that the trial court erred in submitting a question to the jury about it.

■ We must now determine if the error prejudiced the outcome. Justice does not demand a trial without errors, but does require a trial without errors that prejudice the result. *Rowe v. Goldberg*, 435 N.W.2d 605, 609 (Minn.App.1989), *pet. for rev. denied* (Minn. April 24, 1989) (Foley, J., dissenting). An error is prejudicial if it "might reasonably have changed the result." *Poppenhagen v. Sornsin Constr. Co.*, 300 Minn. 73, 79–80, 220 N.W.2d 281, 285 (1974). Prejudice is the primary consideration in deciding whether to grant a new trial. *Wild v. Rarig*, 302 Minn. 419, 433, 234 N.W.2d 775, 786 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).

The question before us is whether the error may have led the triers of fact to arrive at the wrong decision or if it was a mere technical error without impact on the outcome. *Gordon v. Pappas*, 227 Minn. 95, 100, 34 N.W.2d 293, 296 (1948). The trial court concluded the verdict would have been the same if Lawrence's negligence had not been considered. By being given the question, however, the jury may have assumed it had to assign fault to either Conwed or Lawrence. Therefore, the trial court prejudiced the result by putting undue emphasis on an undisputed issue.

Obviously, if the trial court had not asked the question about Lawrence's negligence, the result would have been different. Lawrence could not have been found negligent. This affects the Behlkes' right to a fair trial. Therefore, a new trial is warranted.

■ 2. Next, the Behlkes maintain the trial court abused its discretion by restricting the cross-examination of Lyons. The trial court's discretion to limit the latitude of cross-examination should be exercised with extreme caution because it may influence the jury. *Kloos v. Soo Line R.R.*, 286 Minn. 172, 176, 176 N.W.2d 274, 277 (1970).

■ Here, the limitation of Lyons' cross-examination is troubling. The trial court prevented the Behlkes from questioning Lyons, a crucial witness, about a crucial issue that could have affected his credibility. Weight of conflicting testimony and witness credibility are determined by the jury, rather than the trial court. *Lieser v. Northern States Power Co.*, 268 Minn. 95, 97, 107, 128 N.W.2d 292, 300 (1964). Cross-examination of a witness is to elicit facts to discover the truth. *Mattfeld v. Nester*, 226 Minn. 106, 126, 32 N.W.2d 291, 305 (1948). Cross-examination of an adverse witness is an inviolate right, basic to our judicial system and essential to a fair trial. *Alford v. United States*, 282 U.S. 687, 691, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931). A jury should be allowed to observe the testing of a witness' credibility and the weight of the testimony. *Id.* If the jury is denied this opportunity, prejudice results. *Id.* The tri-

al court traditionally gives considerable leeway in cross-examination questioning unless the questions are repetitive or harrassing. *State v. Shamp*, 422 N.W.2d 520, 527 (Minn.App.1988), *pet. for rev. denied* (Minn. June 10, 1988).

■ Lyons was the only person on the dock with Lawrence at the time of the accident. At trial, Lyons stated he could not remember seeing the Tuflex roll on the floor of the loading dock and it was never his impression Lawrence had been hit by a Tuflex roll. At his deposition, however, Lyons stated he saw a Tuflex roll that had fallen to the ground about the time Lawrence fell. Lyons also testified it was his impression at that time that a Tuflex roll hit Lawrence in the back. At the same deposition, Lyons testified he told an insurance adjustor it was his impression the Tuflex roll fell off the pallet and knocked Lawrence off the loading dock. Lyons' recollections are the same in his answers to interrogatories.

The Behlkes contend the trial court's ruling was based on their failure to lay a proper foundation. Conwed maintains the objection was sustained because the questions were repetitive and an improper form of impeachment. Conwed notes the Behlkes' counsel attempted to refresh Lyons' memory, and the trial court sustained the objection because Lyons demonstrated he did not need his recollection refreshed.

The reason Lyons' deposition was not read to the jury is unclear. It is clear, however, that Lyons' testimony at trial and his deposition formed the basis of this case from the Behlkes' standpoint. More importantly, because no one actually saw the accident, the cause of Lawrence's injury could only be based on circumstantial evidence. This evidence concerned Lyons' conclusion soon after the accident and was probative as to what caused the accident. The trial court's failure to allow the deposition testimony into evidence stripped the Behlkes of their main argument to the jury as well as the reasonable inference that could follow from that testimony.

■ Error in precluding evidence does not require reversal where the fact is satisfactorily proved otherwise. *Porter v. Grennan Bakeries*, 219 Minn. 14, 20, 16 N.W.2d 906, 909 (1944). A foundation must be laid to show inconsistent facts. *Hunt v. Regents of Univ. of Minn.*, 460 N.W.2d 28, 34 (Minn.1990).

Here, Lyons' deposition testimony was evidence crucial to this case, and counsel laid a sufficient foundation of a prior inconsistent statement. The trial court, however, ran circles around the Behlkes' attempt to get it into evidence. Lyons' deposition testimony evidenced facts not otherwise proved. The deposition could have come in, after Lyons failed to remember, in three ways: through leading questions, recollection refreshed, or past recollection recorded. Minn.R.Evid. 611(c); Minn. R.Evid. 612; Minn.R.Evid. 803(5). The foundation for each of these was established. Most importantly, past recollection recorded was established, which would have allowed the deposition to be read to the jury. We hold the exclusion here is reversible error.

3. A. *Robert Schoof*

The Behlkes called Robert Schoof, a safety engineer, as an expert witness. While no dispute arose concerning Schoof's qualifications to testify as an expert, Schoof was faced with three sustained objections that the Behlkes contend were erroneous.

The trial court refused to permit Schoof's expert testimony as to 1) causation, 2) a photograph used in Schoof's investigation, and 3) opinion testimony that Conwed's violation of an OSHA regulation was negligence per se.

Exclusion of expert testimony is within the sound discretion of the trial court and will not be reversed unless there is a clear abuse of discretion. *Prichard Bros., Inc. v. Grady Co.*, 436 N.W.2d 460, 464–65 (Minn.App.1989), *pet. for rev. denied* (Minn. May 2, 1989). However, expert opinion testimony is not objectionable solely because it embraces the ultimate issue decided by the jury. *State v. Saldana*, 324 N.W.2d 227, 230 (Minn.1982); Minn.R.Evid.

704. The admissibility of an expert's opinion depends on

(1) whether there exist sufficient data to assure a reasonably complete and accurate reconstruction of the accident without indulging in speculation; and (2) more importantly, whether such opinion will assist the triers of fact.

*LeMieux v. Bishop*, 296 Minn. 372, 378, 209 N.W.2d 379, 383 (1973) (footnotes omitted).

1) Causation

■ The Behlkes maintain the trial court abused its discretion when it excluded Schoof's opinion as to the cause of the accident. The Behlkes correctly made an offer of proof. The Behlkes' counsel stated:

It is my offer of proof that Mr. Schoof would have testified that in his opinion, the failure of the Conwed Corporation to follow the customary practice which he has described in regard to secure stacking of these items caused Mr. Behlke's accident. And he would have testified that his reason for giving that opinion is that—based upon the—all the information that he's reviewed in this case, that the roll which fell was not secured properly. So that would be my offer of proof in regard to that question, be it termed in—as a cause, the cause, a substantial factor, the substantial factor.

In reviewing the Behlkes' offer of proof and the record, we find the objections were not appropriately sustained. In denying the post-trial motions, the trial court stated:

The Court very specifically during the trial indicated that the opinions of Witness Schoof were rejected solely on the grounds that they would not be helpful to the fact finder.

The transcript, however, reveals a number of objections regarding Schoof's opinion. It is unclear exactly why it was excluded. The transcript shows the trial court stated the objection was sustained for "lack of foundation," and because "you cannot ask him the ultimate question," "that's the question of fact for this jury to decide, not for the witness to decide," "it's

irrelevant," and "it's repetitive." These rulings were clear error and conflict with the liberal interpretation accorded to the rules of evidence and receipt of an expert's opinion.

Foundation was appropriately established under Minn.R.Evid. 703(a):

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Once foundation is established and if the trial court determines the specialized knowledge will aid the jury, then a sufficient foundation for a relevant opinion has been established.

> The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

Minn.R.Evid. 705.

■ Unlike the Federal Rules of Evidence, Minn.R.Evid. 704 allows expert opinions on ultimate issues. Where an expert is qualified and his or her opinion has a relevant basis, the credibility and weight of the testimony is to be decided by the jury. *See State v. Dewey,* 272 N.W.2d 355, 357 (Minn.1978); Minn.R.Evid. 702. As to the trial court's holding that the testimony would not be helpful, Minn.R.Evid. 702 notes an opinion is helpful if

> scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.

Even weak expert testimony is allowed. It is better to receive weak testimony than leave the jurors to make findings or testimony based on a thin perception or sheer speculation. *See Polacec v. Voigt,* 385 N.W.2d 867, 869–70 (Minn.App.1986), *pet. for rev. denied* (Minn. June 19, 1986) (quali-

fied expert opinion admissible because "eyewitnesses were admittedly uncertain about what actually happened").

The record shows a foundation establishing Schoof as a safety engineer with experience in reconstructing accidents, recommending ways to alleviate accidents and working on safety aspects of handling and unloading industrial materials. It is likely he would have considered facts and data reasonably relied on by experts in his field.

■ While the trial court's memorandum states Schoof's testimony was excluded because it would have addressed the "ultimate issue" of negligence, this form of testimony is proper under the Minnesota Rule of Evidence 704:

> Testimony in the form of an opinion * * * is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Finally, because Schoof's opinion addressed an important causation issue, objections regarding relevance should not have been sustained. Relevant evidence is to be liberally received.

> The liberal approach to relevancy is consistent with Minnesota practice. In *Boland v. Morrill,* 270 Minn. 86, 98, 99, 132 N.W.2d 711, 719 (1965) the Court defined relevancy as a function of the effect the offered evidence might have upon the proof of a material fact in issue:
>
> > If the offered evidence permits an inference to be drawn that will justify a desired finding of fact, it is relevant. Reduced to simple terms, any evidence is relevant which logically tends to prove or disprove a material fact in issue.

Minn.R. of Evid. 401 committee comment.

We hold that the trial court abused its discretion. The expert opinion should have been admitted, and the jury, not the court, should have determined the weight of Schoof's evidence. The trial court erroneously excluded that evidence. Prejudice resulted to the Behlkes that compels a new trial.

2) Exclusion of Photograph

■ The Behlkes also argue the trial court abused its discretion by excluding a photographic exhibit. Conwed's personnel supervisor shot the photograph, and it was part of Conwed's investigative file. The photograph recreates the accident scene, showing Lyons in Lawrence's position before he fell. A Tuflex roll is tipped toward Lyons as another person's arm pulls the roll next to it.

The trial court sustained Conwed's objections on the basis that it depicted a hypothetical situation lacking in foundation. Testimony of the Conwed employee who took the picture, Ben Anderson, was admitted by deposition. The dialogue between the court and the Behlkes' attorney is helpful.

THE COURT: * * * There was nothing in the testimony of Mr. Lyons yesterday that would in any way support the stack as mentioned by Mr. Anderson in his deposition. Mr. Anderson wasn't there. Mr. Lyons never testified that this is the configuration that existed on the date in question of the pallet in question. So this is a recreation without foundation.

If you were going to try to enter this into evidence, it should have been done by Mr. Lyons, and Mr. Lyon's testimony was directly contrary to what this shows or attempts to show. So at this point, I'm going to sustain the objection, and [the photograph] will not come in.

*    *    *    *    *    *

[THE BEHLKES' ATTORNEY]: * * * the question about the photographs is not admissibility anymore. This goes to weight, Your Honor. This is the safety director of the defendant, Ben Anderson, employed by Conwed at the time. He took the time and trouble to recreate this, and if that's what they thought as to how this accident happened at a given moment in time, maybe not now anymore, but at that time, that goes to weight, Your Honor. The jury has to know that consistently Conwed has taken the position up until about a week before this trial that the roll hit Mr. Behlke.

Now, that's a very important part of the plaintiff's case.

*    *    *    *    *    *

THE COURT: Well, I'm not going to let the jury see this picture to decide. This is directly contrary to what Mr. Lyon's testimony was concerning the configuration. Now, if you wanted to get that in, Lyons was the way to get it in, and I probably would have sustained the objection then, because Lyon's testimony was opposite that.

If the trial court had not excluded Lyons' deposition, facts concerning this photograph would have been in evidence. Because excluding Lyons' testimony was erroneous, the exclusion of the photograph on the basis of lack of foundation may also have been erroneous.

■ The trial court also held the photograph was hypothetical, and therefore forbidden. Hypothetical questions are not forbidden per se. See Minn.R.Evid. 705. Hypothetical questions are forbidden only if they are prejudicial, confusing, misleading, cumulative, or a waste of time. See Minn.R.Evid. 403. Here, the trial court did not indicate that the photograph had any of the forbidden qualities. It only stated it was hypothetical. On that basis, its ruling was erroneous. Hypotheticals can be admitted. Furthermore, the photograph in question was a defense photograph and reflected Lyons' theory until a week before trial as to how the accident happened.

■ This photograph also may have come in through Schoof's testimony as "facts or data" made known to him before the hearing. Minn.R.Evid. 703. Inadmissible facts or data may provide sufficient foundation for admissible expert opinion. Minn.R.Evid. 703. Minnesota Rules of Evidence "does not preclude" using facts not in evidence in hypothetical questions. Gunderson v. Olson, 399 N.W.2d 166, 170 (Minn.App.1987), pet. for rev. denied (Minn. Mar. 18, 1987). Illustrative evidence can be excluded, if its prejudicial effects outweigh its probative value. Minn.R.Evid. 403. To be admissible, the illustrative evidence must be substantially similar

to the aspects being illustrated. *Champeau v. Fruehauf Corp.*, 814 F.2d 1271, 1278 (8th Cir.1967).

In this case, the photograph was used as a basis for Schoof's opinion. It was included in Conwed's investigative file and taken by a Conwed employee. The photograph illustrated the dock, how the truck could have been loaded and the possible location of the parties. The trial court does not indicate that the photograph is prejudicial. The weight the jury gave the photograph could have been tested on cross-examination. We hold the photograph should have been submitted to the jury.

### 3) OSHA Regulations

■ The Behlkes also maintain the trial court erred by excluding Schoof's testimony that, in his opinion, Conwed violated an OSHA regulation. Conwed argues that if Schoof gave his opinion, Schoof would be giving a legal analysis.

■ Legal analysis by an expert is "ordinarily inadmissible." *Conover v. Northern States Power Co.*, 313 N.W.2d 397, 403 (Minn.1981). An OSHA regulation does not establish negligence per se. It

> is not enough to show the defendant neglected to perform a duty imposed by statute * * *. He must show the duty was imposed for his benefit, or was one which defendant owed to him for his protection.

*Kelly v. Henry Muhs Co.*, 71 N.J.L. 358, 360, 59 A. 23, 24 (1904) *quoted in Trowell v. Brunswick Pulp and Paper Co.*, 522 F.Supp. 782 (D.S.C.1981).

Lawrence must be a member of the class protected under the regulation in order for the OSHA regulation to apply. Here, the protected class is employees. Lawrence is not Conwed's employee and does not fall within the protected class. The trial court properly excluded testimony regarding the OSHA standard.

### B. *William Devitt, M.D.*

■ Dr. Devitt's videotaped deposition was presented at trial as expert testimony for Conwed. During the deposition, Devitt was asked to assume, for hypothetical purposes, that Lawrence's hip replacement was due to the fall he suffered on June 24, 1982. Dr. Devitt was then asked if the injury precluded Lawrence from productive, gainful employment. Dr. Devitt testified that gainful employment would not be precluded, but total hip replacement would preclude Lawrence from employment as a truck driver.

Both these questions were excluded. Conwed's objections in the record were that the questions called for an improper hypothetical speculation contrary to the witness' opinion and invaded the province of the jury. The Behlkes objected to the trial court's exclusion because "there is evidence in the record that the hip problem on the left side related to the fall" and "it is proper to ask the witness a hypothetical question." The trial court did not address this issue.

Depositions are admissible under Minn. R.Civ.P. 32.01. Any part or all of a deposition is admissible if it is admissible under the Minnesota Rules of Evidence. *Id.* "Video depositions may be used in court proceedings to the same extent as stenographically recorded depositions." Minn. R.Civ.P. 32.05.

■ A hypothetical question within the range of the issues and the evidence and includes only such facts as are supported by the evidence or which the evidence tends to prove is not objectionable. * * * A question may be framed on any theory which can be reasonably deduced from the evidence.

*Christy v. Saliterman*, 288 Minn. 144, 168, 179 N.W.2d 288, 303 (1970). The court should not reject a hypothetical question because it is the trial court's opinion the facts are not established by a preponderance of the evidence. *Lyon v. Dr. Scholl's Foot Comfort Shops, Inc.*, 251 Minn. 285, 287, 87 N.W.2d 651, 658 (1958).

■ Here, the Behlkes attempted to use their theory of the case to form a hypothetical to discredit testimony and show damages. This hypothetical addresses only the result of the fall and the result

of the injury. Facts were in evidence that Lawrence fell from the loading dock and was injured. It does not invade the province of the jury because the jury can choose to believe or not believe the expert. An expert is needed to testify as to the seriousness of the injury, the treatment and its impact on the injured. The trial court abused its discretion in excluding the hypothetical question.

## C. *James Whelan*

Conwed hired Whelan, a private investigator, to shoot videotape and conduct surveillance of Lawrence from July 1986 until the trial. The Behlkes argue the trial court did not require Conwed's production of all surveillance reports regarding the videotape, barring them from sufficient trial preparation and proper cross-examination. The Behlkes were provided with the videotape, but 21 of the reports concerning the videotape were not provided. Conwed maintains the reports were not requested.

The record, however, does not indicate cooperation during discovery. At a September 26 deposition, four days before the trial was scheduled to begin, Conwed produced the videotape but did not bring 21 reports related to the tapes. The record shows the Behlkes requested the remaining reports in the file.

[THE BEHLKES' ATTORNEY]: For the record, since this is a discovery deposition and not a trial deposition and since I've been provided with all of the videotapes, I would make a formal demand or request for the reports, the 21 reports that haven't been produced, especially since I have the tapes which coincide with those reports.

Will you be able to produce those before the trial, Mr. Spott?

[CONWED'S ATTORNEY]: I'll consider the request.

[THE BEHLKES' ATTORNEY]: Considering the trial is supposed to start in October, when do you think you can get back to me?

[CONWED'S ATTORNEY]: I'll have an answer for you tomorrow.

[THE BEHLKES' ATTORNEY]: Okay.

Conwed did not produce these reports. When the Behlkes then brought a motion in limine to exclude the videotape, the trial court denied the motion and the trial commenced. Because a new trial is ordered, we hold Conwed must, for that trial, comply with the Behlkes' request for the 21 reports in a *timely* fashion.

## DECISION

The trial court correctly disallowed evidence regarding the violation of an OSHA standard. The trial court abused its discretion in submitting a question regarding Lawrence's negligence to the jury, limiting major witness cross-examination and excluding an expert's opinion on the ultimate fact and hypotheticals that were based on facts in evidence. The trial court erred in denying the Behlkes' motion for a new trial. Conwed is directed to deliver to the Behlkes the 21 videotape reports promptly. We remand for a new trial on all issues.

Affirmed in part, reversed in part and remanded.