John **ZORGDRAGER**, Appellant,

v.

**STATE WIDE SALES, INC.**, Defendant and Third–Party Plaintiff, Respondent,

v.

**LONG PRAIRIE PACKING COMPANY**, Third–Party Defendant, Respondent.

No. C5–92–520.

Court of Appeals of Minnesota.

Sept. 15, 1992.

Susan E. Broin, Todd Young Law Firm, St. Paul, for John Zorgdrager, appellant.

Leon R. Erstad, Minneapolis, for State Wide Sales, Inc., defendant and third-party plaintiff, respondent.

Thomas E. Marshall, Mahoney, Dougherty & Mahoney, Minneapolis, for Long Prairie Packing Co., third-party defendant, respondent.

Considered and decided by DAVIES, P.J., and PARKER and PETERSON, JJ.

## OPINION

PARKER, Judge.

John Zorgdrager filed suit against State Wide Sales, Inc., and its employee, Gary Allen, after he was injured when the forklift he was driving fell off State Wide's truck. State Wide filed a third-party complaint against Long Prairie Packing Co., Zorgdrager's employer, claiming Long Prairie was responsible for the employee's injuries because of improper supervision and failure to provide a safe workplace.

Following trial, the jury, by special verdict, found Long Prairie 70 percent negligent, Zorgdrager 30 percent negligent, and State Wide not negligent. This appeal followed.

Zorgdrager challenges the trial court's jury instruction on Occupational Safety and Health Administration (OSHA) regulations and the trial court's order denying his motion for a new trial on the basis of surprise. He also contends that the evidence requires reversal of the jury's special verdict finding State Wide not negligent. We affirm.

## FACTS

On December 21, 1989, Gary Allen, a truck driver for State Wide, delivered material to Long Prairie Packing Co. Allen backed into the unloading area, put the truck's transmission in neutral, and set the emergency brake. Because it was very cold, he kept the truck's engine running in order to maintain heat in the cab.

When backing into the loading area, Allen noticed signs warning truck drivers to chock their wheels before unloading the

truck. He looked for wheel chocks to place under the rear tires of the truck to prevent it from rolling forward and located only one chock in the loading dock area. The top of that chock had been worn off, but Allen placed it under the rear left outside tire before notifying Long Prairie of his delivery.

John Zorgdrager, a Long Prairie employee, was directed to unload this truck. He drove a forklift, with the fork tines a few feet in the air, down an incline leading to the bed of the truck. Two witnesses testified at trial that Zorgdrager was driving the forklift faster than necessary. Just as he drove onto the truck it moved forward from the dock, creating a gap, and he and the forklift fell to the ground. Zorgdrager sustained a fracture to his arm due to the fall and complains that this injury has adversely affected his earning capacity since.

Michael Manning, Zorgdrager's expert witness, testified that it is standard industry practice for truck drivers to turn off the truck's engine, put the truck in gear, set its emergency brake, and place chocks under both rear tires before unloading. Failure to follow these procedures is, he testified, a violation of standard industry practice and custom. Manning expressed the opinion that if Allen had followed standard industry practice, this accident would not have occurred.

Manning further testified that OSHA regulations require employers to ensure that chocks are placed under the two rear tires and the emergency brake set before a truck is unloaded. However, OSHA regulations do not require a truck driver to turn off the engine and put the truck in gear. Even though employers rely on truck drivers to chock the tires and set the emergency brake, OSHA makes employers responsible for taking these precautions. OSHA regulations also require employers to train their employees in the proper use of a forklift.

Ivan Russell, State Wide's safety expert, testified that Zorgdrager caused State Wide's truck to move away from the loading dock by driving the forklift too fast down the incline leading to the truck. Russell also testified that the wheel chock moved away from the truck because the leading edge and top of the chock were worn or broken off. Therefore, in Russell's opinion, the defective wheel chock and Zorgdrager's excessive speed caused the accident.

## ISSUES

1. Did the trial court err in instructing the jury that violation of an OSHA regulation constitutes negligence per se?

2. Did the trial court err in denying Zorgdrager's motion for a new trial on the basis of surprise?

3. Does the evidence support the jury's finding that State Wide was not negligent?

## DISCUSSION

### I

"On appeal, this court need not defer to the trial court's conclusion when reviewing questions of law." *County of Lake v. Courtney*, 451 N.W.2d 338, 340 (Minn.App. 1990), *pet. for rev. denied* (Minn. Apr. 13, 1990). However,

> the trial court is allowed considerable latitude in the language used in [jury] instructions, and a new trial will not be granted when they fairly and correctly state the applicable law. Errors in jury instructions are fundamental if they destroy the substantial correctness of the charge as a whole, cause a miscarriage of justice, or result in substantial prejudice.

*State Bank of Hamburg v. Stoeckmann*, 417 N.W.2d 113, 116 (Minn.App.1987) (citation omitted), *pet. for rev. denied* (Minn. Feb. 17, 1988).

During trial, Zorgdrager moved the trial court to instruct the jury that the violation of an OSHA regulation is evidence of negligence, rather than negligence per se. Instead, the trial court ruled that the violation of an OSHA regulation constitutes negligence per se, provided certain criteria are met. The trial court found these criteria satisfied in this case and therefore instructed the jury that the violation of an

OSHA regulatory duty is negligence unless justification or excuse is established. Zorgdrager argues that this instruction was erroneous and prejudiced his case.

■ Zorgdrager cites *Behlke v. Conwed Corp.*, 474 N.W.2d 351, 359 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991), for the proposition that the violation of "[a]n OSHA regulation does not establish negligence per se." However, this remark was dictum, not a holding of the case. Furthermore, Zorgdrager took the sentence out of context.

It is well settled that breach of a statute gives rise to negligence per se if the persons harmed by that violation are within the intended protection of the statute and the harm suffered is of the type the legislation was intended to prevent.

*Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 558 (Minn.1977); *see also Mervin v. Magney Constr. Co.*, 416 N.W.2d 121, 124 n. 1 (Minn.1987); *Johnson v. Farmers & Merchants State Bank*, 320 N.W.2d 892, 897 (Minn.1982). Minnesota has adopted federal OSHA regulations by statute. *See* Minn.Stat. § 182.65, subd. 2(f) (1990).

■ The trial court in this case correctly ruled that the violation of an OSHA regulation constitutes negligence per se, provided the *Pacific Indemnity* criteria are met. The trial court found that these criteria were satisfied and, accordingly, instructed the jury that violation of a regulatory duty is negligence. The trial court fairly and correctly stated the applicable law.

■ Inasmuch as we hold the instruction not to have been erroneous, we need not address any purported prejudicial effect. Despite appellant's argument, we perceive no reason why the jury would have problems with determining comparable fault applying negligence per se relative to common law negligence. Juries in Minnesota commonly determine comparative fault by applying different standards to different parties.

## II

■ In *Nachtsheim v. Wartnick*, 411 N.W.2d 882, 889 (Minn.App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987), this court stated:

Whether to grant a new trial for surprise is largely within the discretion of the trial court and its decision will rarely be reversed on appeal.

Furthermore, it is within the trial judge's discretion to admit expert testimony, and his "decision will not be reversed unless there is a clear abuse of [that] discretion." *McPherson v. Buege*, 360 N.W.2d 344, 348 (Minn.App.1984).

Zorgdrager argues that the trial judge abused discretion in denying a new trial on the basis of "surprise" testimony by one of State Wide's expert witnesses. He maintains that State Wide failed to disclose that Ivan Russell would testify that, in his opinion, the wheel chock supplied to Allen by Long Prairie was defective and contributed to the occurrence of the accident. Zorgdrager complains that this evidence prejudiced his case because it shifted the blame for his injuries to Long Prairie and away from State Wide and the truck driver, Allen.

■ At trial, Zorgdrager's expert witness testified that OSHA regulations require *both* rear tires of a truck to be chocked before a truck is unloaded. One major issue was whether Allen's failure to chock both tires caused the accident. One of State Wide's defenses was that Allen found only one chock in the loading dock area and the top of that chock was worn off. From the pleadings and through discovery, it should have been clear to Zorgdrager that the condition of the chock could be an issue at trial.

Photographs of the defective chock were first provided by the employer, Long Prairie, to State Wide at the same time they were provided to Zorgdrager, one day before trial. It is difficult, under these circumstances, to see how the disputed opinion could have surprised any but the unwary.

We note further that Zorgdrager did not serve expert witness interrogatories or seek to depose State Wide's expert. Because Mr. Russell's identity was disclosed well in advance of trial, Zorgdrager had an opportunity to discover what his testimony would entail. The trial court did not err in denying Zorgdrager's motion for a new trial on the basis of surprise.

### III

 In *Karnes v. Milo Beauty & Barber Supply*, 441 N.W.2d 565, 567 (Minn.App. 1989), *pet. for rev. denied* (Minn. Aug. 15, 1989), this court stated:

> On review, answers to special verdict questions will not be set aside unless they are perverse and palpably contrary to the evidence or where the evidence is so clear to leave no room for differences among reasonable people. The evidence must be reviewed in the light most favorable to the jury verdict.

(Citation omitted.) "The test is whether the answer can be reconciled in any reasonable manner consistent with the evidence and its fair inferences." *Gillespie v. Klun*, 406 N.W.2d 547, 557 (Minn.App.1987), *pet. for rev. denied* (Minn. July 9, 1987). If the jury's special verdict finding can be reconciled on any theory, the verdict will not be disturbed. *Travelers Ins. Co. v. Horseshoe Lake Farms, Inc.*, 456 N.W.2d 453, 459 (Minn.App.1990).

Zorgdrager contends that the jury's special verdict answer finding State Wide not to have been negligent is contrary to the evidence and must be set aside. He also argues that the trial court should have granted his motion for JNOV because the evidence shows Allen to have been negligent in violating industry safety standards by failing to chock both tires, failing to turn off the truck's engine, and failing to put the truck's transmission in gear.

 There was evidence from which the jury found that Long Prairie violated OSHA regulations by failing to ensure that chocks were placed behind both rear tires of the truck before it was unloaded. This opinion evidence, together with eyewitness evidence of Zorgdrager's contributory negligence, would have allowed the jury reasonably to conclude, as it did, that State Wide and Allen were not negligent and that the causative negligence was that of plaintiff and his employer.

### DECISION

The trial court correctly instructed the jury that violations of OSHA regulations constitute negligence per se, provided certain criteria are met. The trial court did not err in denying Zorgdrager's motion for a new trial on the basis of surprise. The trial court did not err in refusing to set aside the jury's special verdict answer that State Wide was not negligent, or in denying Zorgdrager's motion for JNOV.

Affirmed.